180 So.2d 381 (1965)
John Alexander CARR, Appellant,
v.
STATE of Florida, Appellee.
No. 5745.
District Court of Appeal of Florida. Second District.
November 22, 1965.
Joseph G. Spicola, Jr., Public Defender, Tampa, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Robert G. Stokes, Asst. Atty. Gen., Lakeland, for appellee.
SMITH, Judge.
The circumstances of this appeal require the court to consider questions concerning the duties and responsibilities of the courts and court-appointed counsel arising in the course of an appeal by an insolvent.
John A. Carr was charged with robbery, found to be insolvent and the public defender appointed to represent him. He entered a plea of not guilty, was tried before a jury, found guilty and duly sentenced. He personally filed his notice of appeal, assignments of error and directions to the clerk. This court then directed the trial court to appoint counsel to represent Carr on the appeal. Acting on this direction the trial court reviewed the record, noted insolvency and then determined that the appointment of counsel to pursue this appeal would serve no useful purpose. On review we appointed the public defender to represent Carr on this appeal. The record on appeal was then filed in this court and the public defender has now moved for an order relieving him from any further duties or responsibilities of representing the appellant, stating in his motion that he has carefully examined the appeal record and he can find no basis to support Carr's assignments *382 of error nor any basis to support any other assignments of error.
Carr's appeal from the judgment and sentence is a matter of right; Art. V, § 5(3), Constitution of the State of Florida, F.S.A. In Lane v. Brown, 1963, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892, the court held that the court-appointed public defender may not refuse to take an appeal requested by an insolvent and in Fay v. Noia, 1963, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, the court held that an insolvent's right to appeal continues to exist unless there is an intelligent and understanding waiver of that right. In Draper v. State of Washington, 1963, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899, the Supreme Court held that the trial court could not deny an indigent's request for a transcript of record without cost to him on a finding that an appeal would be frivolous. In Douglas v. People of State of California, 1963, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, the court held that the court of appeal could not deny an insolvent appellant's right to counsel on his first appeal taken as a matter of right through a determination that appointment of counsel would be of no value to appellant or the court. All of the requirements of the foregoing decisions have been completely met.
We have carefully examined the appeal record and we confirm the representations made to this court by the public defender that there is a total absence of any justiciable issue which could be presented on appeal. The law does not require court-appointed counsel for an insolvent to present to the court assignments of error or points on appeal that are without merit; to do so would be a violation of his attorney's oath. Further, the public defender is bound by the same Code of Ethics as the attorney representing the non-indigent.
A lawyer assigned as counsel for an indigent ought not to seek to be excused for any trivial reason and he should always exert his best efforts in his client's behalf regardless of his personal opinion as to the guilt of the accused. The lawyer is bound by all fair and honorable means to present every defense that the law of the land permits to the end that no person may be deprived of life or liberty but by due process of law. A lawyer is bound to give his client a candid opinion of the merits and probable result of pending or contemplated litigation. His duty does not include, and his Code of Ethics prohibits, his setting up false claims to enable him to win his client's cause. It is unprofessional and dishonorable to deal other than candidly with the facts in the presentation of a cause. Every lawyer must upon his own responsibility decide what causes he will bring to court and he cannot escape it by urging as an excuse that he is only following his client's instructions. The right of an attorney to withdraw from employment, once assumed, arises only from good cause. When a lawyer discovers that his client has no cause and the client is determined to continue it, the lawyer may be warranted in withdrawing on due notice to the client. Rule B, Ethics Governing Attorneys, Section (I), Florida Rules of Court 1965, 31 F.S.A.
The constitutional guaranteed right to counsel and the principle of equal justice for all requires no more and no less from court-appointed counsel than that which an attorney owes to his fee-paying client.
By causing the record on appeal to be prepared and transmitted to this court and by his careful review of that record, the public defender has performed all of the duties and responsibilities that he owed to this appellant.
We determine that this appeal is frivolous. An order will be entered quashing the appeal.
SHANNON, Acting C.J., and LILES, J., concur.