183 So.2d 738 (1966)
James David McNEALY, Appellant,
v.
The STATE of Florida, Appellee.
No. H-101.
District Court of Appeal of Florida. First District.
March 8, 1966.
*739 Richard W. Ervin, III, Tallahassee, for appellant.
Earl Faircloth, Atty. Gen., and T.T. Turnbull, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant was informed against, tried, found guilty of assault with intent to commit murder in the second degree and duly sentenced to serve a term of imprisonment in the state prison. In the trial appellant was represented by counsel of his own choice.
Appellant, acting in proper person, filed a notice of appeal from the judgment of conviction. He was adjudged insolvent and, at his request, the public defender was appointed to represent him on this appeal.
After conferring with appellant's trial counsel and examining the court file, but before the record on appeal was prepared by the clerk, the public defender filed what he considered to be sustainable assignments of error, together with directions to the clerk. The record on appeal was duly prepared and filed, and copies thereof served as required by the rule.
Appellant's appointed counsel has now presented to this court his petition for an order allowing him to withdraw as attorney of record on this appeal. By his petition counsel alleges that he has now carefully examined the record on appeal and is unable to ascertain any basis which will support the assignment of errors filed by him, or any other errors which could conscientiously be assigned as a predicate for relief. Being unable to detect any basis for this appeal, counsel asks to be relieved from further responsibility or service as counsel for appellant.
A similar factual situation arose in the case of Carr v. State of Florida,[1] decided by the Second District Court of Appeal. We fully concur in the learned and erudite opinion authored by Judge Smith in that case, and in which he carefully outlines the obligation of counsel in the proper representation of his client. In permitting appointed counsel to withdraw as attorney for the appellant in that case, the court said:
"A lawyer is bound to give his client a candid opinion of the merits and probable result of pending or contemplated litigation. His duty does not include, and his Code of Ethics prohibits, his setting up false claims to enable him to win his client's cause. It is unprofessional and dishonorable to deal other than candidly with the facts in the presentation of a cause. Every lawyer must upon his own responsibility decide what causes he will bring to court and he cannot escape it by urging as an excuse that he is only following his client's instructions. The right of an attorney to withdraw from employment, once assumed, arises only from good cause. When a lawyer discovers that his client has no cause and the client is determined to continue it, the lawyer may be warranted in withdrawing on due notice to the client. Rule B, Ethics Governing Attorneys, *740 Section (I), Florida Rules of Court 1965, 31 F.S.A."
Upon the foregoing authority the motion of counsel in this case to withdraw as attorney for appellant on this appeal is granted. This court will not, however, attempt to make a sua sponte determination of the merits of this appeal. Thirty days from the date on which this opinion is filed will be granted appellant within which to file a brief supporting the assignments of error filed in this cause, or urging any other contentions which he may conceive to be grounds for reversal of the judgment appealed.
RAWLS, C.J., and CARROLL, DONALD K., and JOHNSON, JJ., concur.
NOTES
[1] Carr v. State of Florida (Fla.App. 1965), 180 So.2d 381.