ERVIN, Justice
(concurring specially):
I agree to the conclusion reached in Justice Barns’ opinion, although I agree with Justice Drew that Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, holds as a principle of due process counsel must be provided by the state for an indigent defendant convicted of a felony who desires an appeal in order that he may be represented appropriately as to a critical step in his case. The recent case of Hollingshead v. Wainwright, 86 S.Ct. 1284, decided April 18, 1966 by the Supreme Court of the United States confirms this proposition. However, I am not certain that the decision in Douglas applies to the instant case. Douglas may not apply retroactively to this case for reasons somewhat similar to those expressed in Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601, relative the exclusionary rule, or in United States ex rel. Walden v. Pate, 350 F.2d 240 (7 Cir.) relative the rule announced in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, or in Johnson v. State of New Jersey, 86 S.Ct. 1772, decided by the Supreme Court of the United States June 20, 1966, relative confessions obtained in police interrogations.
In this case, tried in 1951, it appears counsel who represented petitioner at his trial advised petitioner they had done all they could do in the case and refused to take the appeal he requested. In Douglas, a convicted indigent defendant was denied counsel to represent him in a current appeal because the California appellate court in accordance with state procedure ex parte examined the trial record and determined appointment of counsel for the defendant would not be of advantage to him. The. Supreme Court of the United States found this procedure and action discriminatory. It is apparent, therefore, that the facts herein are dissimilar to those in Douglas. It is true petitioner alleges that upon the refusal of his trial counsel to appeal his case he applied as an indigent defendant to the circuit court for appointment of counsel to handle his appeal and that the circuit court failed or refused to appoint counsel for that purpose. The circuit judge may have concluded the particular circumstances did not warrant further counsel for the defendant inasmuch as his trial counsel refused to take the appeal and had advised him they had done all they could do in the case.
In non-capital felony cases under our new public defender system provided by F. S. §§ 27.50-27.58, F.S.A., I am advised that the appeal procedure usually followed is that the public defender files notice of appeal within the time provided by law if he deems it appropriate or if he is requested to do so by the indigent convicted defendant and also files in the District Court of Appeal a transcript of the trial record. However, if the public defender in good conscience thereafter concludes from a careful examination of the trial record the appeal is without merit and would be of no avail, he may be permitted to withdraw as counsel provided he notifies his client and the District Court of his. intention to withdraw. Such court then examines the transcript and disposes of the appeal by affirmance or reversal, or makes such other order as to it may appear appropriate, which may include the requirement the public defender prosecute the appeal to conclusion or the appointment of substitute appellate counsel. See Carr v. State, 180 So.2d 381 (Fla.App.2d).
F.S. Section 909.21, F.S.A., provides for court appointment of counsel in capital cases for indigent defendants. It provides in part:
“909.21. Appointment of counsel in capital cases. — In all capital cases where *804 the defendant is insolvent, the judge shall appoint such counsel for the defendant as he shall deem necessary, and shall allow such compensation as he may deem reasonable, such sum to be paid by the county in which the crime was committed. Counsel, so appointed, may in the event of conviction and sentence of death, appeal the case to the supreme court, and prosecute said appeal to its final conclusion with diligence; and until the supreme court has disposed of the appeal, no compensation shall be allowed to such counsel. If counsel first appointed is unable for any reason to perfect and prosecute the appeal, the court may relieve him from such duty, but shall appoint other counsel for such purpose. When counsel so appointed by the court, in capital cases, completes the duties imposed by this section, such counsel shall file a written report as to the duties performed by him and apply for discharge by the court.” (Emphasis supplied.)
In a capital case a convicted defendant has the right of an appeal if he desires it. His court-appointed counsel similarly as a public defender, after suing out an appeal at the defendant’s request may (except in capital cases where the death sentence is imposed) determine it to be without merit and so advise his client and the appellate court having jurisdiction. Such court would then examine the transcript as in appeals in non-capital felony cases, and make such disposition of the appeal, including granting of permission to counsel to withdraw as appeared in accordance with law and justice.
It will be noted F.S. § 909.21, F.S.A., does not require court-appointed counsel to prosecute appeals in capital cases, the intent of the statute being that trial counsel conscientiously having no faith in a favorable outcome of an appeal or believing an appeal contrary to the defendant’s best interests should not be required (except in cases where the death sentence is imposed) to expend the effort and shoulder the onus of carrying an appeal to conclusion.
While I feel that the procedure followed in recent years in the District Courts of Appeal more appropriately safeguards the interests of indigent convicted defendants and should be followed in all current cases, nevertheless it does not appear to me that Petitioner, who was represented by counsel of his own choosing at his trial and who from their knowledge and study of the case advised him they had “done all they could in the case” and refused to take an appeal, is now entitled to the relief he claims. Unlike the Douglas case where no counsel was appointed at all to represent Douglas in a pending appeal, Petitioner had the benefit of counsel who, after .defending him at trial, refused to appeal his case. As Justice Barns suggests, they may have feared a new trial won on appeal in Petitioner’s case might have resulted in the death penalty for him.
It would be unsettling and result in great confusion if years after convictions appeals were demanded and retroactively required upon bases no stronger than the one urged in this case, particularly when it is considered evidence pro or con refusal of counsel by the court would be difficult to produce and records of transcripts of trial testimony and proceedings may not have been preserved for appellate review. Moreover, writs of habeas corpus and Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix, motions are available to correct specific fundamental errors in the trial and conviction of persons in past cases where the appeal period has expired.