ON SUGGESTION FOR RECONSIDERATION
JOHNSON, Judge.
The appellant, who will be referred to as defendant hereafter, was convicted of breaking and entering with intent to commit a misdemeanor. He was represented by the Public Defender at the trial. The Public Defender was also appointed to represent said defendant on appeal to this court. As such, the Public Defender ordered the record on appeal. He found it necessary and successfully moved for an extension of time within which to file the record on appeal on the ground the court reporter needed more time to transcribe her notes. The time was extended until April 18, 1966, and all other times extended accordingly to correspond with this extension.
The defendant was convicted on December 16, 1965, along with a co-defendant. On December 21, 1965 the defendant filed a motion for a new trial in “forma pauper-is style”. On the 20th of December, the defendant had filed a motion for leave to proceed in forma pauperis on behalf of himself. He also filed notice of appeal and request for transcript of record as a pauper which was granted. The Public Defender then filed a petition seeking an order dismissing the appeal or in the alternative, allowing the Public Defender to withdraw as attorney for the defendant and for the defendant to be allowed to proceed forma pauperis. This court granted the Public Defender’s petition for leave to withdraw as counsel for the defendant upon authority of McNealy v. State, 183 So.2d 738 (Fla.App.1st, 1966); denied the motion to dismiss, and granted the defendant-appellant an additional 20 days within which to file any assignments of error he might conceive to be grounds for reversal of the judgment appealed. Morris v. State, 187 So.2d 368 (Fla.App.1st, 1966). The 20 days have elapsed but the Attorney General of Florida has timely filed a petition for reconsideration of this court’s decision, supra, citing Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 and Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, as the basis for appellee’s fear that the conviction might be set aside by the Federal court if the appellant is not furnished further representation on his appeal
*903 We have reviewed the cited cases, one a California case and one an Indiana case, but do not think either of these cases are decisive of the question here presented. The California case hinged upon a Rule of Criminal Procedure which authorized the denial of counsel where after an independent investigation of the record, it was determined that the appointment of counsel would not be helpful. In said case, counsel was requested by the defendant and same was denied.
In the Indiana case, supra, the statute creating the office -of Public Defender, also provided, inter alia, that only the Public Defender could order a transcript of the court proceedings for appellate purposes. When the Public Defender was permitted to withdraw as counsel, this precluded the indigent defendant from procuring a transcript of the record, even though he were able to procure private counsel. This, the United States Supreme Court, ruled to be in violation of the Fourteenth Amendent to the United States Constitution.
In the case sub judice, we do not have the question involved in the two cited cases supra. The Public Defender did procure the transcript of the record and it is before this court. The defendant has not, therefore, been denied the records essential to his appeal. The next question then, is, can the appeal proceed after the Public Defender has been allowed to withdraw as counsel, without further counsel, being appointed? We think the language of the District Court of Appeal, Second District of Florida, speaking through Judge Smith in Carr v. State, 180 So.2d 381, as cited with approval by this court in McNealy v. State, 183 So.2d 738 (Fla.App.lst, 1965) is still controlling and very well phrased as to the duty of an attorney to his client as well as the obligation of an attorney to his own moral and ethical code of dealing with the court. It is to be assumed, that the Public Defender was an able attorney and that he did honestly believe that there was no justiciable issue which might result in this court’s reversal of conviction; otherwise he would not have requested withdrawal. We are still of the opinion that the decision of this court previously entered permitting the withdrawal was correct.
In an abundance of precaution not to be classified within the holdings in the California and Indiana cases, supra, however, even though no request for appointment of further counsel was made, nor any further' assignments of error filed by the defendant within the time allowed, and feeling that any further counsel appointed would find the situation to be as was found by the Public Defender, viz.: no justiciable issue or error, warranting a reversal, we have proceeded to a full review and study of the transcript of the record, which includes the testimony of witnesses, including that of the defendant’s cohort in the crime who turned State’s witness, and we fail to find any error committed by the trial court in the trial proceedings. The defendant was ably represented throughout the trial by the Public Defender. The evidence amply supports the findings of the jury as to the guilt of the defendant. Therefore, upon reconsideration of the case as suggested by the appellee, we must affirm the judgment appealed.
WIGGINTON, Acting C. J., and CARROLL, DONALD K., J., concur.