ON MOTION TO DISMISS
PER CURIAM.
This is a motion to dimiss an appeal from an order denying appellant’s motion to vacate judgment and sentence filed pursuant to the provisions of Criminal Procedure Rule One, Chapter 924, F.S.A., Appendix. The ground for dismissal is appellant’s failure to file a transcript of record in this cause as required by Florida Appellate Rule 6.9, subd. b, 1967, 32 F.S.A.
Examination of our case file does reflect the absence of a transcript of record as complained of by the State’s motion. However, there also is contained in the court file a copy of an order entered by the court below, after the notice of appeal herein was filed, authorizing the withdrawal of the Public Defender as attorney for appellant for the purpose of prosecuting this appeal. There is no inscription upon the face of said order indicating that a copy thereof has been served upon the appellant who presently appears to be an inmate of the state prison at Raiford. Therefore, from aught that appears in the record and papers before us, the appellant may well be labouring under the impression that he is still being represented by the Public Defender.
Florida Appellate Rule 3.8(a), 1967, relating to the power of a lower court after entry of an appeal, expressly authorizes a trial court to make orders concerning things required to be done in the lower court or appellate court, including the fixing or extension of time within which they shall be done. While the subject rule provides for the lower court’s supervisory power over such matters, the exercise of such authority is made subject to the control of the appellate court by the terms of the rule.
The question posed by the revelation of the lower court’s order in our file, by which was authorized the withdrawal of the Public Defender as appellant’s counsel, has more than a little bearing on our disposition toward the State’s motion to dismiss this appeal on the ground stated above. It is obvious that appellant’s failure to file the transcript of record in this Court may be that he was relying on his counsel to pursue and see to the doing of such things as are required to be done by the appellate rules; in this instance, the filing of a transcript of record. If this be the case, then the order authorizing counsel’s withdrawal may well have stymied the consideration of this case on the merits.
It is our view that after notice of appeal has been filed, a motion for leave to withdraw as counsel should be addressed to the appellate court. Such a motion does not relate to “ * * * the things required to be done * * * ” (emphasis supplied) within the meaning of that phrase as used in Rule 3.8(a). By addressing such motions to the appellate court, the latter may more efficaciously control its docket.
We hold therefore that the order entered below on April 6, 1967, au *464 thorizing withdrawal of counsel of appellant is a nullity for want of jurisdiction to enter same and, further, that the Public Defender is granted leave to address such motions as may be deemed appropriate to this Court, including a motion to withdraw as counsel. See Price v. State, 184 So.2d 681 (Fla.App. 1st 1966); McNealy v. State, 183 So.2d 738 (Fla. App. 1st 1966).
Motion to dismiss is denied.
The Clerk of this Court is directed to forward a copy of this order to the Public Defender of the Fourth Judicial Circuit in and for Nassau County, Florida.
WIGGINTON, C. J., and CARROLL, DONALD K., and SPECTOR, JJ., concur.