347 So.2d 145 (1977)
J.E. STACK, Jr., and Wife, Madge English Stack, Appellants,
v.
OKALOOSA COUNTY, Appellee.
Nos. EE-305, EE-462.
District Court of Appeal of Florida, First District.
June 27, 1977.
*146 James E. Moore, Jr., of Moore & Anchors, Niceville, for appellants.
John R. Dowd of Wimberly & Dowd, Fort Walton Beach, for appellee.
McCORD, Judge.
The above two consolidated appeals are from the same cause of action below (an eminent domain proceeding) and the same parties are appellants and appellees in both appeals. Case No. EE-305 is an appeal from a final judgment (termed an order) in which the trial court found that appellee had failed to prove public necessity for taking the property and denied appellees the right to condemn the property. The judgment further found that the evidence established that the public had an easement by prescription to the width of a two-rut road along the property described in appellee's third amended complaint and granted an easement by prescription.
Case No. EE-462 is an appeal from a subsequent order entered by the trial court on its own motion after notice of appeal had been filed in Case No. EE-305. This order directed appellants to select the location of the "two-rut road" over which the court had, by the final judgment, granted the easement by prescription.
The foregoing final judgment and subsequent order must be reversed. As to the final judgment, there were no pleadings contained in appellee's third amended complaint which alleged or sought a prescriptive easement. The hearing out of which the grant of prescriptive easement was ordered was solely upon the question of appellee's right to condemn the property. The prescriptive easement was a gratuitous grant to appellee by the trial judge upon his conclusion from the evidence that appellee had not shown a right to condemn the property but had shown a prescriptive easement. The suit being solely a condemnation suit, appellants had no notice and no opportunity to defend against a prescriptive easement. The grant of prescriptive easement was error.
As to the order entered after the notice of appeal had been filed, it was entered after the trial court had lost jurisdiction of the cause and was therefore a nullity. Smith v. State, 208 So.2d 462 (Fla. 1 DCA 1968).
This being an appeal in an eminent domain action, appellants' attorney's motion for the allowance of a reasonable attorney's fee for the prosecution of these appeals is granted, and upon remand it is directed that the trial court determine the amount of such fee and order its payment.
Reversed and remanded with directions to enter judgment for appellants on appellee's third amended complaint.
BOYER, C.J., and DREW, E. HARRIS, Associate Judge, concur.