367 So.2d 1110 (1979)
Sheldon GOODNER and Naomi Goodner, His Wife, Appellants,
v.
Melvin SHAPIRO and Ruth Shapiro, His Wife, Appellees.
No. 78-1280.
District Court of Appeal of Florida, Third District.
February 27, 1979.
Jeffrey M. Feuer, Miami, for appellants.
Ronald L. Fried, Miami, for appellees.
Before HUBBART, KEHOE and SCHWARTZ, JJ.
SCHWARTZ, Judge.
After the return, on March 16, 1978, of the mandate of this court in Shapiro v. Goodner, 356 So.2d 392 (Fla. 3d DCA 1978), which affirmed a final judgment for the defendants rendered on December 10, 1976, the trial court entered the orders now under review. In those orders, dated May 23, 1978 and June 19, 1978, the circuit court purported to rule, in the plaintiffs' favor, upon the rights of the parties with respect to the deposit receipt agreement which formed the subject matter of the action itself and thus of the final judgment we affirmed. Since these orders were entered *1111 after the issuance of our mandate of affirmance and without our consent,[1] it follows that they were rendered without jurisdiction, and are therefore deemed to be nullities. E.g., Modine Manufacturing Co. v. ABC Radiator, Inc., 367 So.2d 232 (Fla. 3d DCA 1979); 3 Fla.Jur.2d, Appellate Review, § 408 (1978). Accordingly, the "final order" of May 23, 1978, and the "order on defendants' motion for rehearing," dated June 19, 1978, are
Reversed.
NOTES
[1] In large measure, these orders were, in turn, based on an earlier order of November 15, 1977, in which the trial judge sought to interpret the effect of the final judgment. Since that order was entered, also without leave of this court, while the appeal taken by the plaintiffs was pending before us, it was therefore likewise void as one entered without jurisdiction. E.g., Stack v. Okaloosa County, 347 So.2d 145 (Fla. 1st DCA 1977).