382 So.2d 52 (1980)
Harvey BLUM, Appellant,
v.
Carmen BLUM, Appellee.
Carmen BLUM, Appellant,
v.
Harvey BLUM, Appellee.
Nos. 79-507, 79-1193, 79-1404, 79-1412, 79-2000 and 79-2001.
District Court of Appeal of Florida, Third District.
March 4, 1980.
Rehearing Denied April 30, 1980.
*53 Joseph Pardo, Miami, for Harvey Blum.
Edward C. Vining, Jr., Miami, for Carmen Blum.
Before BARKDULL, HENDRY and SCHWARTZ, JJ.
SCHWARTZ, Judge.
On January 25, 1979, the lower court entered a final judgment of dissolution which imposed extremely onerous financial obligations on the husband, Dr. Harvey Blum. Thereafter, three other judges considered various attempts by Mrs. Blum to enforce, and Dr. Blum to relieve himself of the burden of those provisions. In this opinion, we consider the husband's plenary appeal from the final judgment, as well as five separate "interlocutory" appeals under Fla.R.App.P. 9.130(a)(4)  three filed by Dr. Blum and two by Mrs. Blum  from orders *54 entered in the post-final judgment skirmishing.

I
The parties were married in November, 1967, and had two boys, 11 and 9, and a girl, who was 5 at the time of the dissolution. Dr. Blum is an osteopathic physician. As shown by his income tax return and the testimony of his CPA, his gross income less his tax liability resulted in a net disposable income, or "take home" pay, of approximately $3,300 per month during 1978; the projected 1979 figure was $4,200 per month. Of these amounts, he was required by court order to pay $300 for the support of a child by a previous marriage. At the time of the final hearing, he had virtually no cash on hand and was living in a $265 a month apartment. Apart from the Professional Association which operated the osteopathic practice from which he derived his income, and interests in two pieces of realty which were in default and foreclosure, his only real asset was his interest in the family domicile, a townhouse owned by the entireties with Mrs. Blum. The home was valued at approximately $80,000, with an equity of about half that amount; the total of the monthly mortgage payment and condominium dues came to $541.00. In addition, Dr. Blum owned a 1976 four-door Mercedes which was used by his wife and children, while he drove a two-door Mercedes, titled solely in the name of his wife.
Mrs. Blum was 31 when the dissolution was granted. Prior to her marriage, she had part-time employment as a medical assistant, but she had not worked outside the home thereafter. After the parties separated, she began a course in interior decorating at Miami-Dade Community College. In a financial affidavit filed in support of a motion for temporary relief, she claimed total monthly expenses for herself and the children, including half the mortgage payment on the condominium, of $3,307.00 per month[1] On September 18, 1978, the court[2] granted the motion, requiring Dr. Blum to pay $1,400 per month in temporary alimony and support, in addition to the utilities, the entire mortgage payment and the $456 monthly payments on the four-door Mercedes.[3] Dr. Blum was also required to keep his existing life and hospitalization policies in effect. The total of the sums provided by the order granting temporary relief was about $2,600 per month, an amount which, while perhaps not excessive, was certainly generous.
The final judgment now under review, however, required Dr. Blum to make payments of over $4,000 per month![4] The financial requirements imposed upon the husband, which cumulatively had this effect, included (a) $1,400 per month in permanent periodic alimony plus the separate requirement that Dr. Blum pay his wife's college expenses of about $100 monthly for three years or until she graduated; (b) $1,500 monthly for child support, plus up to $100 monthly for the children's "sports activities," plus their medical ($75) and orthodontic ($200) expenses, plus private schooling for the youngest child ($132); (c) $271 per month, representing half the mortgage and condominium payments on the home, which was to be held in common, but the exclusive possession of which was granted to the wife until she remarried or the youngest child reached 18; (d) $456 per month for the payments on the four-door *55 Mercedes, which was awarded to the wife[5] and (e) $121 per month for the premiums to meet a requirement for a $150,000 life insurance policy with the children as beneficiaries. In addition, Dr. Blum was required to pay for a four year college education for each of the children.
In his appeal from this judgment, Dr. Blum challenges virtually all of these provisions as either totally unjustified, grossly excessive, or both. We are in almost complete agreement with his position. First, although we find no error in granting permanent, rather than rehabilitative alimony,[6] it is obvious that the total amounts of the various awards to the wife, as well as those for the support of the children, are egregiously wrong. Applying the standards for the review of the ruling of a trial court in domestic cases recently enunciated in Canakaris v. Canakaris, 382 So.2d 1197, (Fla. 1980), we find that those made in the case at bar amounted to a clear and undoubted abuse of discretion. Compliance with their requirements would leave the husband with next to nothing  about $50 a week  to live on himself, without discharging any of his other responsibilities and obligations. Our research has failed to reveal any Florida lower court ruling which so clearly disregards the basic rule that allowances for alimony and support may not exceed the ability to pay them. Canakaris v. Canakaris, supra; Sisson v. Sisson, 336 So.2d 1129 (Fla. 1976).[7] Accordingly, each of the alimony and support provisions of the judgment must be reversed.[8] See, e.g., Nicholson v. Nicholson, 372 So.2d 178 (Fla. 2d DCA 1979), and cases cited.
Other aspects of the judgment likewise may not be approved. While it was appropriate, since she had been using it, to award the four-door car to Mrs. Blum, it was entirely unfair and inequitable to decline reciprocally to grant to Dr. Blum, the wife's two-door, which he was driving.[9] See note 5, supra. The revised judgment to be entered on remand shall therefore provide that the two-door Mercedes is to be conveyed to the husband, as lump sum alimony. Canakaris v. Canakaris, supra; Bullard v. Bullard, 380 So.2d 1090 (Fla. 3d DCA 1980). It is true that provisions formally designated as "alimony" awards would thus be required both from husband to wife and from wife to husband. We think, however, that such a result is authorized, and, in a situation like this, required by Canakaris. That decision seems sub silentio to have departed from the decisions, e.g., Niemann v. Niemann, 294 So.2d 415 (Fla. 4th DCA 1974), cert. discharged, 312 So.2d 733 (Fla. 1975), which had held that the courts were not permitted simply to divide fairly the parties' assets and thus, in effect, to "make a property settlement agreement" on their behalf.
Finally, there is no basis whatever for requiring Dr. Blum to provide a university education for his children. His statement at the trial that he hoped to be able to send them to college hardly constitutes the binding contractual undertaking to do so which is an indispensable precondition for such an order. E.g., Perla v. Perla, 58 So.2d 689 (Fla. 1952); Genoe v. Genoe, 373 So.2d 940 (Fla. 4th DCA 1979), and cases *56 cited; Kowalski v. Kowalski, 315 So.2d 497 (Fla. 2d DCA 1975), cert. dismissed, 319 So.2d 31 (Fla. 1975).
To summarize, those portions of the final judgment under review in Case no. 79-507 which dissolve the marriage, award child custody, declare the parties tenants in common as to the marital home and provide for its possession by the wife,[10] and award her attorney's fees[11] and the four-door Mercedes are affirmed. The judgment is otherwise reversed and the cause is remanded for a substantial downward adjustment of the amounts of permanent periodic alimony and child support. In reconsidering these issues, the court may utilize the record developed below while the appeal was pending and may also, in its discretion, take still further testimony. The lower court should also redetermine the advisability of requiring the husband to maintain life insurance in the light of the other provisions of the revised judgment and the principles stated in Lindley v. Lindley, 84 So.2d 17 (Fla. 1955); Waskin v. Waskin, 346 So.2d 1060 (Fla. 3d DCA 1977); and Fleming v. Fleming, 177 So.2d 384 (Fla. 3d DCA 1965), cert. denied, 183 So.2d 214 (Fla. 1965).[12] Upon remand, the court is directed to provide for the transfer of the two-door car to Dr. Blum, and to eliminate the provision for college education for the children.

II
The issues raised by the several appeals from post-trial orders may be quickly disposed of. In cases 79-1193 and 79-1404[13] Dr. Blum claims error in the entry of two separate, successive orders holding him in contempt and committing him to jail because, quite understandably, he was unable to meet the requirements of the final judgment. These orders are reversed (a) because of our reversal, supra, of those provisions of the judgment itself, see Winner v. Winner, 376 So.2d 924 (Fla. 3d DCA 1979); and (b) because neither order contains, and the record of course does not justify, the determination required by Faircloth v. Faircloth, 339 So.2d 650 (Fla. 1976) to support a finding of contempt. See also Hammond v. Sandstrom, 376 So.2d 466 (Fla. 3d DCA 1979), and cases cited.
Cases 79-2000 and 79-2001 are appeals by Mrs. Blum from two other orders which purported to modify the final judgment to her disadvantage. Since the trial court proceeded, without our consent, while the appeal from the final judgment was pending in this court, it had no jurisdiction to enter these orders and they are therefore vacated and set aside. E.g., Goodner v. Shapiro, 367 So.2d 1110 (Fla. 3d DCA 1979); Stack v. Okaloosa County, 347 So.2d 145 (Fla. 1st DCA 1977); Fla.R.App.P. 9.600(b), (c).
Affirmed in part, reversed in part and remanded with directions; post-judgment orders reversed.
NOTES
[1] This figure included $100 per month in college expenses, as well as $200 per month for orthodontia for the two boys although Mrs. Blum admitted that the children had never received any such treatment. In addition, several other items, including $600 month for "[r]ecreation, tennis lessons, etc." were at least subject to some justified skepticism.
[2] The trial judge who granted temporary relief was the predecessor in the family division of the one who entered the final judgment. Thus, no less than five different trial judges have  so far  passed upon the Blums' marital and financial difficulties.
[3] Since Mrs. Blum did not own the car, she had not included this expense in her financial affidavit.
[4] While we doubt that this punctuation mark has been frequently employed in appellate decisions, we think its use in this instance is entirely justified.
[5] The final judgment did not, however, grant the two-door vehicle which had been in the wife's name to the husband. The result was that Mrs. Blum had two Mercedes and Dr. Blum, who had paid or was required to pay for both of them, owned none.
[6] E.g., Canakaris v. Canakaris, 382 So.2d 1197, (Fla. 1980); Rosenberg v. Rosenberg, 371 So.2d 672 (Fla. 1979), adopting 352 So.2d 867 (Fla. App.) (Hubbart, J., dissenting); Smith v. Smith, 378 So.2d 11 (Fla. 3d DCA 1979).
[7] Indeed, the amounts awarded seem also to be beyond even the claimed needs of Mrs. Blum and her children. See note 1, supra, and accompanying text.
[8] The effect of this determination is the reinstatement, at least for the time being, of the applicable provisions of the temporary award of September 18, 1978.
[9] Although this seems to have initially come about through a misunderstanding by the trial judge as to the state of the titles to the vehicles, he declined to correct the situation when it was brought to his attention.
[10] See Duncan v. Duncan, 379 So.2d 949 (Fla. 1980).
[11] See Canakaris v. Canakaris, supra.
[12] See also Lithgow v. Lithgow, 340 So.2d 1283 (Fla. 3d DCA 1977), and cases cited.
[13] Case 79-412, in which Dr. Blum appealed a number of incidental post-trial rulings, has been abandoned.