NESBITT, Judge
(concurring in part and dissenting in part):
I concur with the majority in reversing the order of partition of the real property and leaving the parties as tenants in common.
I dissent from the majority which reverses . the personal property awarded to the wife. This award is sustainable as lump sum alimony to assure an equitable distri *1254 bution of property acquired during the marriage. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Blum v. Blum, 382 So.2d 52 (Fla. 3d DCA 1980).
I dissent from the decision to increase the wife’s permanent periodic alimony from $750 per week to $1,200 per week as requested.
It is fair to characterize the husband as a wealthy man by reason of his ownership of a majority interest of common stock in a public corporation which he was instrumental in founding. The wife was properly awarded a quarter of a million shares of the husband’s stock in the corporation, as a special equity, by reason of her contribution. By virtue of this award, the wife is a person of substantial financial means.
The trial court, in its final judgment attempted to allay the wife’s fear that the husband would manipulate the corporation so as to render her stock valueless. The husband did not cross-appeal that provision. The wife is also protected by the remedy of a minority shareholder’s suit. Should there be a substantial change in the relative wealth of the parties, due to manipulation of the corporation by the husband and without any fault on the part of the wife, the wife would be able to avail herself of the court’s aid in a modification proceeding pursuant to Section 61.14, Florida Statutes (1979).
To increase the wife’s permanent periodic alimony as requested on such a speculative assertion is unwarranted. Such an argument presupposes that the wife does not have an adequate available legal remedy. Moreover, the trial court was entitled to believe, based upon the wife’s own testimony, that her standard of living and resulting need were artificially created upon advice of counsel which enabled her to assert the need to which she has now been elevated by the majority opinion. Herzog v. Herzog, 346 So.2d 56 (Fla.1977); Shaw v. Shaw, 334 So.2d 13 (Fla.1976).