SCHWARTZ, Chief Judge
(specially concurring).
I have already expressed and now repeat my extreme doubts about the correctness of the determination in State v. Steinbrecher, 409 So.2d 510 (Fla. 3d DCA 1982) that, as a general rule, certiorari lies at the state’s behest to review non-final orders in criminal prosecutions. State v. Whitehead, 443 So.2d 196 (Fla. 3d DCA 1983) (Schwartz, C.J., specially concurring); State v. C.C., 449 So.2d 280, 282 n. 7 (Fla. 3d DCA 1983) (Schwartz, C.J., specially concurring).
Apart from being bound by this conclusion notwithstanding my disagreement with it, State v. Whitehead, supra, I concur in the consideration of the present petition because the order below involves a claimed —and, as we hold, actual — departure from our prior mandate in this cause. Such a contention is clearly properly resolved by certiorari.[1] E.g., Jones v. Knuck, 388 So.2d 328 (Fla. 3d DCA 1980).
On the merits, I fully agree with Judge Pearson’s opinion.

. In appropriate cases, such a claim may also be reviewable by prohibition, Robbins v. Pfeiffer, 407 So.2d 1016 (Fla. 5th DCA 1981), mandamus, motion for enforcement, Stuart v. Hertz Corp., 381 So.2d 1161 (Fla. 4th DCA 1980), or appeal. Goodner v. Shapiro, 367 So.2d 1110 (Fla. 3d DCA 1979).