WHITE, JOSEPH S., Associate Judge.
This is an appeal from a final judgment dismissing appellant’s Criminal Rule One, F.S.A. ch. 924 Appendix petition after hearing before the trial judge during which testimony on the issues made by the petition was presented.
Appellant had been charged with breaking and entering with intent to commit grand larceny. Upon arraignment he entered a plea of guilty and was sentenced to a term in the state penitentiary.
One of the issues tried at the hearing on appellant’s petition was whether or not the public defender assigned to represent appellant upon the charge had refused him the privilege of a conference prior to arraignment.
The record reveals that the public defender was assigned to represent appellant at the time the latter was brought from the county jail for arraignment. Reduced to narrative form, appellant’s chronicle of the incident about which he now complains follows:
Well, the first time I spoke to the public defender was over here in the bullpen and it was about fifteen men in the bullpen, no pads, no pencils, or nothing, and just my name and the other fifteen men, and he called us to the cage and just talked to us for a few minutes, asked us how we wanted to plead, guilty or not guilty. I said I wanted to talk to him but he was busy. He said he was busy. He has too many men to take care of. The time that I spent with the public defender could not have been more than five minutes. I didn’t have a chance to go into detail about my case.
The only other witness who testified upon the subject was the public defender himself. He did not recognwe the appellant at the hearing and was unable to contradict appellant because he had no recollection of the interview. His “notes” did not aid him. They showed only “that the defendant at the time I talked to him, was 40 years of age — and certain hearings — or a certain hearing in a specific courtroom, number and the date of that hearing.”
Thus, the record now before this court shows appellant’s testimony that he was unable to obtain an interview with the public defender because the latter was too busy to be uncontradicted and unim-peached.
The situation which is presented is one where appellant requested an interview with the public defender before arraignment but was unable to get it. Such treatment of appellant’s case does not comport with principles stated in Gideon v. Wainwright, 1963, 372 U.S. 335, 83 S.Ct. 792, 93 A.L.R.2d 733, 9 L.Ed.2d 799, wherein the “right of one charged with crime to counsel” was firmly established.
It is well known that public defenders in many parts of this state are heavily burdened with the responsibilities of their offices. Nevertheless, one charged with crime cannot be properly represented unless given fair opportunity to talk in private with his counsel. If in such a case the public defender, for any reason, finds himself unable to afford an interview with his client for a complete review of the case, *698 this fact should be reported promptly to the trial court for appropriate disposition.
This cause is remanded to the trial court with directions to vacate the judgment of conviction and plea of guilty and to proceed thereafter according to law.
Reversed and remanded.
CROSS and McCAIN, JJ., concur.