MANN, Judge.
On February 26, 1968 Mitchell was declared indigent, the Public Defender was assigned to represent him, he pleaded guilty to robbery, was adjudged guilty and sentenced. His motion to vacate and set aside judgment and sentence was filed on March 25, 1968, raising in vague language a number of questions. On March 28, 1968, the judge who had sentenced Mitchell denied the motion, without a hearing. He found that “all of the grounds except the last are without any merit whatsoever and not such matters as may be urged at this time.” On the last point, the court ruled that Baker v. State, 202 So.2d 563 (Fla.1967), forbidding the appointment of the same attorney to represent two defendants tried jointly does not apply to a case in which both defendants enter pleas of guilty.
We agree. The rationale of Baker is that the lawyer may be compelled during trial to take some action on behalf of one defendant which would be prejudicial to the other. It may be that the same lawyer could provide sound counsel to several defendants prior to trial.
The Special Assistant Public Defender briefed for this court only the applicability of Baker. He took as settled the denial, without hearing, of Mitchell’s other allegations. If Mitchell does have grounds for vacation of his plea of guilty they ought to be stated with particularly in a subsequent *290 petition, after consultation with counsel. We assume that the Public Defender will find time for this purpose. See Bush v. State, 209 So.2d 696 (Fla.App.1968).
Affirmed.
LILES, C. J., and PIERCE, J., concur.