214 So.2d 29 (1968)
Leroy WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 68-146.
District Court of Appeal of Florida. Second District.
September 4, 1968.
Rehearing Denied October 2, 1968.
*30 Lee R. Horton, Jr., Public Defender, and J. Michael McCarthy, Special Asst. Public Defender, Lakeland, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for appellee.
PER CURIAM.
This is an appeal by Leroy Williams, defendant below, from a judgment and sentence in a criminal case in which he, along with two other co-defendants, pled quilty to the crime of robbery.
The defendant was adjudged insolvent and the public defender was appointed as his counsel. This same public defender was appointed to represent Jimmy Williams and Carlton Mitchell, Jr., who were named as co-defendants in the information for robbery as filed against Leroy Williams, the appellant herein.
The voluntariness of the guilty plea of the appellant is not questioned in this case.
The first question presented for our determination is whether it is necessary to an appeal for objection to be made concerning the point of joint representation. Counsel for appellant concedes that the record is void of any such objection.
The courts of this state are divided on this point. The Fourth District Court of Appeal in the case of Youngblood v. State, Fla.App. 1968, 206 So.2d 665, at page 666, stated:
"* * * in view of the fundamental nature of the right involved, objection is not a critical factor."
The Third District Court of Appeal in the case of Belton v. State, Fla.App. 1968, 211 So.2d 238, declined to follow the Youngblood case and held that it would not entertain the appeal absent an objection to joint representation or request for individual counsel.
We are inclined to follow the Youngblood decision and hold that no objection is necessary in view of the fundamental right involved.
The second question presented for our determination on this appeal is whether the appellant was denied the effective assistance of counsel guaranteed by the Sixth Amendment to the Constitution of the United States by virtue of the fact that appellant was denied individual representation as the same attorney represented all defendants.
The appellant relies for reversal on the decision by the Supreme Court of Florida in Baker v. State, Fla. 1967, 202 So.2d 563, at pages 565-566, which states:
"* * * such an appointment (joint representation) denied the individual defendant representation by an attorney who could act for his best interest without regard to the effect of such action on the interest of the co-defendant. The interests and defenses of most co-defendants are conflicting. Evidence, strategy and defenses which will benefit one co-defendant usually are detrimental to the other. It is this conflict and inconsistency of position which makes it impossible for the same counsel to effectively represent two or more co-defendants simultaneously." (emphasis added)
It is clear from the Baker case that the conflict in evidence, strategy and defenses *31 during a trial would result in an inconsistency of position which would make it impossible for the same attorney at the same time to effectively represent more than one defendant. In the case sub judice, there was no trial, evidence, or strategy involved, and no defenses presented. The defendants pled guilty to the charge. The cases cited in the Baker decision only apply when a defendant pleads "not guilty" and goes to trial. All the valid reasons set forth in those cases are not present where a defendant pleads "guilty", as here, interposing no defenses. See Mitchell v. State, 213 So.2d 289, filed August 14, 1968 in this court.
No error having been made to appear, the judgment of the lower court is hereby
Affirmed.
ALLEN, Acting C.J., and PIERCE and HOBSON, JJ., concur.