SPECTOR, Judge.
Appellant seeks reversal of an order denying his motion for postconviction relief.
Wellington and an accomplice were charged with armed robbery, and the public defender was appointed to represent them. They both entered guilty pleas in August, 1963. In March, 1968, appellant filed his motion to vacate judgment and sentence contending that he was entitled to his own appointed attorney, and that it was constitutional error to require him to share appointed counsel with his codefendant. In support of his claim, appellant relies on Baker v. State, 202 So.2d 563 (Fla.1967), holding that appointment of counsel to represent two or more defendants denies each of them the right to- effective assistance of counsel.
We reject appellant’s contention and affirm the order appealed. The instant case is factually distinguishable from Baker, supra, in that here there was no trial during the course of which it could be said that there might have arisen conflicting interests, strategies, or defenses which might have at once been detrimental to one of the codefendants and beneficial to his alleged colleague in crime.
In the case at bar, no opportunities for such conflicts existed since appellant and his codefendant both pled guilty. We hold, as did the District Court of Appeals, Second District, Mitchell v. State, 213 So. 2d 289, Opinion Filed August 14, 1968, that the rule in Baker, supra, is not applicable where the defendants entered guilty pleas.
Affirmed.
WIGGINTON, C. J., and CARROLL, DONALD K., J., concur.