217 So.2d 880 (1969)
Clinton William BAKER, Petitioner,
v.
STATE of Florida, Respondent.
No. K-212.
District Court of Appeal of Florida. First District.
January 23, 1969.
Louis F. Ray, Jr., of Holsberry, Emmanuel, Sheppard & Mitchell, Pensacola, for petitioner.
Earl Faircloth, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for respondent.
WIGGINTON, Chief Judge.
Petitioner was jointly charged with a codefendant with the offense of robbery. The public defender was appointed to represent both defendants who pleaded not guilty, were tried and convicted by a jury. Both codefendants were adjudged guilty and on January 21, 1965, were sentenced to serve a term of thirty years in the state prison.
On May 8, 1968, petitioner filed in this court his petition for writ of habeas corpus alleging that at the time of his conviction and sentence on January 21, 1965, he was not advised by the court of his right to court-appointed and state-paid counsel to represent him on any appeal he might desire to take from the judgment of conviction and sentence rendered against him. The ground of the petition having been admitted by the Director of the Division of Corrections, State of Florida, this court, pursuant to the authority of Hollingshead v. Wainwright,[1] granted the writ and appointed the public defender of the *881 First Judicial Circuit of Florida to represent petitioner in this case and to prepare the necessary record and briefs sufficient to present a full appellate review of the 1965 judgment of conviction and sentence.
By his first point on appeal petitioner contends that the trial court erred in appointing and allowing court-appointed counsel to simultaneously and jointly represent appellant together with a codefendant at the trial of the charges against them. An examination of the record reveals that after petitioner and his codefendant were charged in the same information with the offense of robbery, they were adjudged insolvent and the public defender was appointed by the court to jointly represent them. Pleas of not guilty were filed on behalf of each defendant, and the case was tried to a jury which resulted in the rendition of a verdict finding both defendants guilty.
The point raised by petitioner presents three separate but related questions, to wit: (1) did the court's action in appointing one attorney to jointly represent petitioner and his codefendant in the trial of the criminal charge against them deprive petitioner of the effective assistance of counsel as guaranteed by the due process and equal protection clauses of the federal and state constitutions; (2) if so, did petitioner voluntarily waive his right to the appointment of separate counsel to represent him by failing to object to the appointment when made by the court; and, (3) if not, is it incumbent upon petitioner to demonstrate by the record a conflict of interest between him and his codefendant to such an extent that the joint representation of counsel prejudiced him in the fair trial of his case before the error will warrant reversal of the judgment.
The landmark decision dealing with the subject of this review is that of Glasser v. United States.[2] In this case Glasser, together with several other codefendants, was charged with the offense of criminal conspiracy to defraud the United States. The trial court, over timely objection, appointed Glasser's privately employed counsel to represent one of the codefendants at the trial. On appeal from a judgment of conviction and sentence Glasser contended that the court's action in appointing his attorney to jointly represent one of his codefendants deprived him of the effective assistance of counsel, and because of the conflict in interest between his position and that of his codefendant, his opportunity of securing a fair trial was seriously prejudiced. The Supreme Court agreed with Glasser and reversed his conviction upon the holding that his constitutional right to the effective assistance of counsel was violated by the trial court in appointing one attorney to represent two codefendants in the trial of the case. The court furthermore held that it was not incumbent upon Glasser to establish from the record that he had been prejudiced by the court's action for the reason that the right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial.
In Baker v. State[3] the Supreme Court of Florida was called upon to resolve a similar question arising out of the appointment by the court of two attorneys charged with the duty of jointly representing both Baker and his codefendant. At the time of the appointment, objection was made by the appointed counsel on the ground of a possible conflict of interest. The objection was overruled and the defendants were tried, found guilty, and sentenced to a term of imprisonment. In reversing the judgment of conviction rendered against Baker the Supreme Court quoted with approval from the Glasser decision, supra, as follows:
"`* * * the "Assistance of Counsel" guaranteed by the Sixth Amendment *882 contemplates that such assistance be untrammeled and unimpaired by a court order requiring that one lawyer shall simultaneously represent conflicting interests. If the right to the assistance of counsel means less than this, a valued constitutional safeguard is substantially impaired.'"
In speaking on its own behalf the Florida Supreme Court said:
"Each of the cited decisions held that an appointment under which one or more attorneys were required to represent jointly two co-defendants denied the defendants effective representation of counsel. The basis for the holdings was that such an appointment denied the individual defendant representation by an attorney who could act for his best interest without regard to the effect of such action on the interest of the co-defendant. The interests and defenses of most co-defendants are conflicting. Evidence, strategy and defenses which will benefit one co-defendant usually are detrimental to the other. It is this conflict and inconsistency of position which makes it impossible for the same counsel to effectively represent two or more co-defendants simultaneously.
* * * * * *
"Accordingly, we hold that it was unnecessary that the defendants show prejudice flowing from the denial to them of separate counsel."
The Supreme Court's decision in Baker v. State, supra, interpreting and applying the rule of law pronounced by the Supreme Court of the United States in Glasser, supra, opened up a can of worms which precipitated a rash of litigation culminating in the several District Courts of Appeal of Florida. These courts, in their endeavor to interpret and apply the interpretive rule of law pronounced in Baker v. State, have rendered varying and conflicting decisions.
In Youngblood v. State[4] the Fourth District Court of Appeal held the trial court to be in error for having appointed two attorneys to jointly represent two codefendants charged with a criminal offense even though no objection was made by either of the defendants at the time the appointment was made. The court, basing its decision on the Baker case, supra, held that it was not incumbent on the defendants to demonstrate a conflict of interest between their positions at the trial, nor to show that their opportunity for receiving a fair trial was prejudiced because of their joint representation by common counsel.
In Belton v. State[5] the Third District Court of Appeal refused to agree with the Youngblood decision, supra. In Belton the court held that the appointment of one attorney to jointly represent both codefendants in defense of criminal charges made against them could not be urged as error warranting reversal of the judgment of conviction in the absence of an objection being made at the time of the appointment, or a showing of conflict in the positions of the several defendants or prejudice in the record. The court held that if a demand is made by codefendants for the appointment of separate counsel to represent them, or if an objection is timely made to an appointment by the court of counsel to jointly represent codefendants, the request should be granted or the objection sustained. Timely objection and showing of prejudice was established in both Glasser, supra, and in Baker, supra, and is the factor which distinguishes those decisions from the holding by the court in Belton.
In Mitchell v. State[6] and Williams v. State[7] it was held by the Second District Court of Appeal that the right of codefendants to the appointment by the court *883 of separate counsel to represent them is applicable only in those instances in which the defendants plead not guilty and stand trial before the court or jury. These decisions stand for the proposition that the rule is not applicable when codefendants jointly represented by one court-appointed counsel plead guilty to the charges against them for the reason that a conflict of interest can arise only in the event of trial, but never in the event of a plea of guilty.
In Dunbar v. State[8] the Second District Court of Appeal had before it for consideration an appeal from an order denying post-conviction relief in a collateral attack upon a judgment of conviction and sentence brought pursuant to Rule 1.850, R.Cr.P., 33 F.S.A. By this proceeding the movant sought an order setting aside his judgment of conviction on the ground that at the time of his trial the court appointed one attorney to jointly represent both him and three codefendants. The movant contended this deprived him of his constitutional right to the effective assistance of counsel even though no objection was made by him at the time of the appointment. In affirming the order denying relief the Second District Court of Appeal held that in order to warrant the setting aside of a judgment of conviction in a criminal case because of the action of the trial court in appointing counsel to jointly represent codefendants in defense of the charges against them, the complaining party must demonstrate from the record such a conflict of interest between him and his codefendants that he was prejudiced in his opportunity for securing a fair trial. The court furthermore held that the rule pronounced by the Supreme Court in Baker does not have retroactive application and is not a valid ground for post-conviction relief in a collateral attack upon a judgment of conviction and sentence brought pursuant to R.Cr.P. 1.850.
In Rogers and Herring v. State[9] this court considered a direct appeal by two defendants from their judgments of conviction and sentence. At the trial they were jointly represented by the public defender under appointment by the court. On appeal they alleged prejudicial error by having been forced to accept joint counsel to represent them, and on that basis sought reversal of their conviction. In affirming the judgments appealed, this court held that since appellants were unable to establish by the record that objection to the appointment by the court of joint counsel to represent them was timely made, or to show that such appointment prejudiced them in securing a fair trial, no reversible error was demonstrated. In so holding, this court announced its adherence to the principles proclaimed by the decision of the Third District Court of Appeal in Belton v. State, supra.
The Supreme Court granted review of the Fourth District Court of Appeal's decision in Youngblood, supra; the Third District Court of Appeal's decision in Belton, supra; the Second District Court of Appeal's decision in Dunbar, supra; and this court's decision in Rogers, supra. In resolving the conflicts inherent in the foregoing decisions, the Supreme Court made the following pronouncements.
In its review of the Third District Court of Appeal's decision in Belton, supra, the Supreme Court acknowledged the apparent conflict between that decision and its decision previously rendered in the case of Baker v. State, supra, in which it held:
"* * * The interests and defenses of most co-defendants are conflicting. Evidence, strategy and defenses which will benefit one co-defendant usually are detrimental to the other. It is this conflict and inconsistency of position which makes it impossible for the same counsel to effectively represent two or more co-defendants simultaneously.

*884 * * * * * *
"Accordingly, we hold that it was unnecessary that the defendants show prejudice flowing from the denial to them of separate counsel."
The Supreme Court distinguishes Belton from Baker on the primary ground that the above-quoted language contained in the Baker decision is obiter dictum, and holds that the Third District Court of Appeal was entirely correct in disregarding and refusing to follow it. By its decision in Belton, the Supreme Court now states the controlling rule of law both on the issue of waiver and prejudice to be as follows:
"* * * If a defendant is indigent and such a request (for separate counsel) is made it should be granted unless it can be demonstrated to the trial judge that no prejudice will result or that no conflict will arise as an incident of the joint representation. Without such a request being made, failure to appoint separate counsel will not be held to constitute error unless it is demonstrated that prejudice results from such failure. Error does not occur because of joint counsel in the absence of a request for separate counsel or a showing of prejudice or conflict of interest."
On the basis of the above-quoted holding the court approved the Belton decision by the Third District Court of Appeal and discharged the writ of certiorari.[10]
In its review by certiorari of the Fourth District Court of Appeal's decision in Youngblood v. State, supra, the Supreme Court held in effect that the District Court committed reversible error when it followed and based its decision upon the above-quoted holding pronounced in Baker, supra, which the Supreme Court now characterizes as obiter dictum and rejects as unsound. In Youngblood the Supreme Court reaffirmed its holding by opinion of the same date rendered in its review of the Belton decision to the effect that if request for separate counsel is timely made by a joint defendant, it should be granted and its denial will be prejudicial error unless it can be established from the record that no prejudice resulted therefrom; that if no timely request for separate counsel is made by a codefendant, then failure to appoint separate counsel will not constitute error unless the record affirmatively establishes prejudice resulting from the failure of the court to appoint separate counsel. For the stated reasons the writ of certiorari in the Youngblood case was granted and the opinion of the Fourth District Court of Appeal was quashed.[11]
As of the date of the rendition of our decision herein the Supreme Court has not rendered its decisions in the reviews by certiorari granted to the Second District Court of Appeal's decision in Dunbar, supra, or this court's decision in Rogers, supra. However, in view of its current decisions in both Belton and Youngblood, the conclusion which the Supreme Court may be expected to reach in Dunbar and Rogers is readily predictable provided it continues to adhere to its decision in Belton.
In light of the Supreme Court's most recent decision on the issues involved in the case sub judice, we hold (1) that the trial court's action in appointing one attorney to jointly represent petitioner and his codefendant in the trial of the criminal charge against him did not constitute fundamental error nor deprive him of any right guaranteed by the due process and equal protection clause of the state and federal constitution; (2) that petitioner voluntarily waived his right to the appointment of separate counsel to represent him by failing to object to the appointment of joint counsel at the time the appointment was made; and, (3) it is incumbent on petitioner to sustain the burden of demonstrating by the record prejudice resulting from the court's appointment of joint counsel before failure *885 to appoint separate counsel will be considered reversible error, which burden he has failed to carry on this appeal.
We have considered the two remaining points urged by appellant for reversal but find them to be without substantial merit. There was no error in admitting into evidence the alleged extrajudicial confession of appellant's codefendant which tended to implicate appellant in view of the court's cautionary admonition to the jury that the confession could be considered only against the codefendant but not appellant. The confession would have been admissible and the same result would have followed even had appellant and his codefendant been represented by separate and independent counsel. The codefendant, by taking the witness stand and denying ever having made the oral confession testified to by the police officers, removed any valid objection by appellant to the admission of the confession, and absolved the court from any error in its ruling thereon.
For the reasons above stated the petition for writ of habeas corpus is denied and the petition dismissed.
JOHNSON and SPECTOR, JJ., concur.
NOTES
[1] Hollingshead v. Wainwright (Fla. 1967), 194 So.2d 577.
[2] Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 80 L.Ed. 680.
[3] Baker v. State (Fla. 1967), 202 So.2d 563, 565, 566.
[4] Youngblood v. State (Fla.App. 1968), 206 So.2d 665.
[5] Belton v. State (Fla.App. 1968), 211 So.2d 238.
[6] Mitchell v. State (Fla.App. 1968), 213 So.2d 289.
[7] Williams v. State (Fla.App. 1968), 214 So.2d 29.
[8] Dunbar v. State (Fla.App. 1968), 214 So.2d 52.
[9] Rogers and Herring v. State (Fla.App. 1968), 212 So.2d 367.
[10] Belton v. State, Fla., 217 So.2d 97. Opinion filed December 17, 1968, but not yet reported.
[11] State v. Youngblood and Campbell, Fla., 217 So.2d 98. Opinion filed December 17, 1968, but not yet reported.