ON PETITION FOR REHEARING
JOHNSON, Chief Judge.
This matter is before this court at this time on petition for rehearing. On December 3, 1969 this court denied the appellant’s attorney’s motion to withdraw as counsel. On this petition for rehearing while denying said petition, we feel that counsel is entitled to an explanation for our action in denying said motion.
We have adopted as a policy of this court the denial of a motion to withdraw, filed by the Public Defender’s office, in practically every case wherein the reasons for such a withdrawal is based upon the belief that there are no meritorious grounds upon which to base an appeal. Our reasons are fairly well outlined as follows:
Under the decisions of the United States Supreme Court beginning with Gideon, the State is required to furnish a person charged with a crime with an attorney to represent him in his criminal proceeding. To meet the need of constantly fulfilling this requirement for counsel, the Florida Legislature provided for the office of public defender. Often times, on appeals the defendants have varied ideas, some of which are imaginary, as to why their case should be reversed. When it develops that there is really no meritorious grounds in the appeal, the courts do not expect an attorney, whether he be public defender or otherwise, to stultify themselves with false representations of law or fact, but in order that the Federal Court may have a record replete with all the constitutional safeguards appearing therein, this court feels that the attorney representing such indigent person on appeal should remain in the case to its final conclusion to *668 assure the defendant that his constitutional rights have not been violated by the State acting through the Attorney General or the judges.
If the record so shows the presence of competent counsel on appeal, even if no overt acts on the part of the defense attorney are necessary or offered, the Federal Court will have the assurance it needs in cases of this manner, to know that such constitutional rights have not been violated. For this reason, it constitutes a help to both this court and any future court, whether appellate or federal, to render a just decision. Hence, this court has adopted the attitude that if the only reason the attorney wishes to be permitted to withdraw is on the ground there appears no merit in the appeal, then such motion will be denied for the reasons set forth supra.
The petition for rehearing is denied, with the explanation given supra.
WIGGINTON and SPECTOR, JJ., concur.