PER CURIAM.
Appellant directly appeals his conviction and sentence for the crime of' robbery. *406 His court-appointed counsel has filed what is commonly known as an “Anders” brief,[1] i. e., one in which he asserts that there are no arguable or meritorious points to be found in and from the record herein. Although he has filed such a brief counsel has not, as has been the classic case, moved to withdraw.
From the certificate of service endorsed in the brief it appears that appellant’s counsel served only the Attorney General with a copy of said brief, and therefore that no copy was certified as having been served on the defendant himself. So at this point, for ought that appears, the appellant is unaware that his counsel on appeal is not urging nor even suggesting a specific ground for reversal. He, appellant, is in no different position, it seems to us, than one whose counsel is seeking leave to withdraw because he believes the appeal to be non-meritorious. In the latter case notice to the appellant is required,[2] and we think it comports with fairness and expediency to require such notice in a case such as that before us.
Accordingly, counsel for an appellant in a criminal case who files an “Anders” brief, whether he also seeks to withdraw or not, must serve a copy of the brief and his motion to withdraw, if filed, on the appellant and do so by certified mail, return receipt requested. Thereafter, he should certify service of the foregoing documents to this court and file therewith the aforesaid signed return receipt. At that point, the administrative processes of this court will afford appellant appropriate time to seek additional counsel, if the exigencies of the case then require, and/or to file his own brief raising therein such grounds of appeal or making such argument as he may feel advised.
In view hereof we hereby continue further deliberation of, or inquiry into, the merits of this appeal; and counsel for appellant is hereby directed to comply with the requirements set forth above on or before fifteen days from the date of this order unless additional time, upon good cause shown, is granted.
It is so ordered.
HOBSON, C. J., and LILES and Mc-NULTY, JJ, concur.

. See Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.

. See Anders v. California, id.; and cf. Walker v. State (Fla.App.3d 1969) 220 So.2d 649; Williams v. State (Fla. App. 1st 1966), 186 So.2d 824; and McNealy v. State (Fla.App.1st 1966), 183 So.2d 738.