By petition for certiorari, we are asked to review a decision of the District Court of Appeal, Fourth District, (Hooks v. State, 250 So.2d 322), which allegedly conflicts with prior decisions of other District Courts of Appeal as well as this Court.
Petitioner, an indigent, was represented by the public defender during the trial and his appeal to the District Court of Appeal. He seeks counsel to represent him in this proceeding.
With his petition for writ of certiorari, the petitioner has filed a copy of the information charging him in two counts with the sale of L.S.D. and two counts charging him with the possession of L.S.D. Also, he has included a copy of the judgment and sentence and the pertinent portion of the transcript of record relating to the question raised in his petition. He also furnished copies of the briefs filed in the District Court of Appeal.
Petitioner filed a motion for "immediate consideration for appointment of counsel," which was denied without prejudice to reapply in the event this Court finds that it has jurisdiction. Petitioner then filed a second motion for immediate consideration of appointment of counsel. In the event counsel is not appointed under the second motion, petitioner requests that it be considered as an amended petition for writ of certiorari.
The thrust of his allegations in his second motion is the failure of the public defender to consult with him during the appellate proceedings in the District Court of Appeal. He says that a public defender should not conduct an ex parte appeal over the objections of the indigent he represents. He alleges that he does not have access to the decisions of the Florida court for the purpose of determining whether conflict exists.
Petitioner had a constitutional right to the assistance of counsel on his appeal to the District Court of Appeal from his judgment of conviction. Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967).
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), holds that the United States Constitution, Fourteenth Amendment requires the appointment of an attorney to prosecute afirst appeal from an indigent's criminal conviction after an attorney first appointed for him *Page 426 
concludes that there is no merit to the appeal and so advises the Court by letter. In discussing the right of counsel to withdraw, the United States Supreme Court said:
 "The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court — not counsel — then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.
 "This requirement would not force appointed counsel to brief his case against his client but would merely afford the latter that advocacy which a nonindigent defendant is able to obtain. It would also induce the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the legal authorities as furnished it by counsel. The no-merit letter, on the other hand, affords neither the client nor the court any aid. The former must shift entirely for himself while the court has only the cold record which it must review without the help of an advocate." (386 U.S. pp. 744-745, 87 S.Ct. p. 1400, 18 L.Ed.2d pp. 498-499).
The principles enunciated in Anders v. California, supra,
have been applied by the District Court of Appeal. Schuler v. State, 229 So.2d 667 (Fla.App.1st, 1969); Leone v. State, 233 So.2d 404
(Fla.App.2d 1970); Daniels v. State, 233 So.2d 405
(Fla.App. 2d 1970).
Under our appellate procedure the District Court of Appeal grants a full appeal and considers every phase of the record. This is the first appeal within the concept of Anders v. California, supra. On the other hand, the jurisdiction of this Court is limited, in the case sub judice, to the sole question of whether the decision of the District Court of Appeal conflicts with some decision of another District Court of Appeal or of this Court. Fla. Const., art. V, § 4(2), F.S.A.
The petitioner has no absolute right to appointed counsel in presenting his petition for certiorari in the case sub judice.
The question in each proceeding of this nature before this Court should be whether, under the circumstances, the assistance of counsel is essential to accomplish a fair and thorough presentation of the petitioner's claims. Of course, doubts should be resolved in favor of the indigent petitioner when a question of the need for counsel is presented. Each case must be decided in the light of the Fifth Amendment due process requirements. See State v. Weeks, 166 So.2d 892 (Fla. 1964), where the Court held that a prisoner had no absolute right to assistance of counsel on an appeal from an adverse ruling on his motion for post-conviction relief, although Fifth Amendment due process would require such assistance if the post-conviction *Page 427 
motion presented an apparently substantial, meritorious claim for relief, and if the allowed hearing was potentially so complex as to suggest the need.
In his original petition for certiorari, petitioner says that the District Court of Appeal was presented with the following question:
 "Whether the trial court erred in denying defendant's motion for mistrial based on improper indirect comment by the prosecution in closing argument which alluded to defendant's failure to testify on his own behalf."
In holding that the lower court did not commit reversible error, defendant says that the decision conflicts with Trafficante v. State, 92 So.2d 811 (Fla. 1957); Flaherty v. State, 183 So.2d 607
(Fla.App. 1966); Otto v. State, 126 So.2d 152 (Fla.App.3rd, 1961); McLendon v. State, 105 So.2d 513 (Fla.App.2d 1958), and other cases cited in the petition. There is no direct conflict between the decision of the District Court of Appeal in the casesub judice and any of the decisions cited by petitioner.
Also, petitioner says that the public defender failed to consult with or advise petitioner as to any incident of his appeal to the District Court of Appeal; that he does not have personal access to decisions of the Florida court and is hindered in his presentation of this matter.
The general statement can be made that a defendant in a criminal trial is entitled to consult with his counsel at any time, either before or during the progress of the trial. Post-conviction relief has been granted where the record showed that an indigent was unable to obtain an interview with the public defender prior to entering a plea of guilty. See Bush v. State, 209 So.2d 696 (Fla.App.4th, 1968).
When a case is appealed and the defendant is represented by counsel, the defendant has no absolute right to participate and represent himself. This is a matter in the discretion of the Court. See Powell v. State, 206 So.2d 47 (Fla.App. 4th, 1968). An appeal is limited to a consideration of the record of the lower court proceeding, and there is no need for further investigation or further consultation. In other words, the failure of the public defender to consult with an indigent defendant during the course of the first appeal from a conviction does not infringe upon the constitutional right of the indigent defendant to an attorney unless it affirmatively appears that some prejudice has resulted to the defendant by virtue of the lack of consultation. The questions presented in the appeal of the case sub judice
did not necessitate any further consultation with the defendant.
The questions presented in the petition for writ of certiorari are not so complex as to require the appointment of counsel in order to accomplish a fair and thorough presentation of petitioner's claims to this Court. Petitioner's motion for appointment of counsel is denied. We might add that the Court has the benefit of the briefs filed before the District Court of Appeal, which were included in this record by the petitioner.
The motion of petitioner for an order to forward a complete transcript of his trial to this Court is denied, as a transcript of the trial proceeding is unnecessary for a determination of the jurisdiction of this Court.
The application of petitioner for release on bail is also denied.
It appearing to the Court that the decision of the District Court of Appeal does not conflict with the decision of any other District Court of Appeal or this Court, the petition for writ of certiorari is denied.
It is so ordered.
ROBERTS, C.J., and BOYD, McCAIN and DEKLE, JJ., concur. *Page 428