PER CURIAM.
Defendant-appellant, Douglas Ralph Williams, and his co-defendant were informed against for commission of the crime of robbery. They were both found to be insolvent, the same public defender was appointed to represent them and both defendants entered a plea of not guilty of robbery. Subsequently, the prior not guilty pleas were withdrawn and defendants entered pleas of guilty to the lesser offense of assault with intent to commit robbery. The guilty pleas were accepted by the court following the required examination of the defendants to determine whether they realized the nature of their pleas and if the pleas were voluntarily entered.
Appellant now contends that the appointment of the same public defender to represent both defendants was reversible error. Appellant argues that he was denied effective assistance of counsel because the public defender had the impossible task of correctly advising two indigent clients with divergent interests. Due to this position, appellant urges his defense was nonexistent and the court proceedings were a farce.
The arguments presented by appellant are untenable in view of well established Florida jurisprudence. Cases involving an attorney’s representation of joint clients turn on prejudice to a defendant and the denial of effective assistance of counsel. Dunbar v. State, Fla. 1969, 220 So.2d 366; DeLaine v. State, Fla.App. 1970, 230 So.2d 168. In the case sub judice there was no *544 trial, evidence or trial strategy involved and no defenses were presented due to the defendants’ guilty pleas. The valid reasons used in other cases to find prejudice to multiple defendants represented by a single attorney are not present where the defendants plead guilty, interposing no defenses. Gardner v. State, Fla.App. 1968, 214 So.2d 786; Williams v. State, Fla.App.1968, 214 So.2d 29; Mitchell v. State, Fla.App. 1968, 213 So.2d 289.
The effectiveness of appellant’s other points on appeal is mitigated by looking at the record on appeal. For example, the guilty plea entered by appellant was for a lesser offense than he was originally charged and appellant was interrogated by the trial judge before the plea was accepted to determine whether appellant realized the effect of the plea and to see if the plea was voluntary. Therefore, the remaining points on appeal are without substantial merit to require a reversal.
We find no error in these proceedings and accordingly the judgment and sentence of the lower court is affirmed.
Affirmed.