ADKINS, Chief Justice.
This is an original proceeding in habeas corpus wherein petitioner seeks a review of a decision of the District Court of Appeal notwithstanding his failure to file a petition for writ of certiorari within the 30-day filing requirement of Florida Appellate Rule 4.5(c), 32 F.S.A. He says that his failure to file the petition for cer-tiorari was due to circumstances beyond his control. The writ was issued and a return thereto has been filed by the State.
It appears that petitioner is imprisoned under a conviction of uttering a worthless check. After his conviction, petitioner filed an appeal in the District Court of Appeal wherein the conviction was affirmed. Keegan v. State, 281 So.2d 424 (Fla.App.3d, 1973). The primary purpose of his petition is to seek an out-of-time review by this Court, and he also asserts that he is entitled to assistance of counsel. Petitioner, an indigent, had counsel at trial and the assistance of counsel in his appeal to the District Court of Appeal.
As to his right to the services of an attorney, we were confronted with a similar question in certiorari proceedings in Hooks v. State, 253 So.2d 424 (Fla.1971), where we said:
“The petitioner has no absolute right to appointed counsel in presenting his petition for certiorari in the case sub judice. The question in each proceeding of this nature before this Court should be whether, under the circumstances, the assistance of counsel is essential to accomplish a fair and thorough presentation of the petitioner’s claims. Of course, doubts should be resolved in favor of the indigent petitioner when a question of the need for counsel is presented. Each case must be decided in *352 the light of the Fifth Amendment due process requirements. See State v. Weeks, 166 So.2d 892 (Fla.1964), where the Court held that a prisoner had no absolute right to assistance of counsel on an appeal from an adverse ruling on his motion for post-conviction relief,. although Fifth Amendment due process would require such assistance if the post-conviction motion presented an apparently substantial, meritorious claim for relief, and if the allowed hearing was potentially so complex as to suggest the need.” (p. 427)
The case sub judiee is not such an exceptional-circumstance case as to require the appointment of counsel. See Douglas v. California, 372 U.S. 353, 356, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Hollingshead v. Wainwright, 194 So.2d 577, 578 (Fla.1967).
Petitioner has had a direct appellate review of his conviction, with assistance of counsel. He cannot now allege the same errors as those presented to the District Court of Appeal and request this Court to reconsider the same issues. As we said in Johns v. Wainwright, 253 So.2d 873 (Fla. 1971), where defendant filed a petition for writ of habeas corpus after denial of an untimely-filed petition for writ of certiorari:
“Now, petitioner invokes habeas corpus proceeding alleging the same errors as those presented to the District Court of Appeal and decided adversely to him. This Court will not reconsider those issues. Jones v. Wainwright, 252 So.2d 570, opinion filed September 8, 1971.
“This is in essence a petition for conflict certiorari (labeled habeas corpus) to circumvent the requirement of the rule that the petition be filed within thirty days from the decision of the District Court.
“The District Courts of Appeal were never intended to be intermediate courts. It was the intention of the framers of the constitutional amendment which created the District Courts that the decision of those courts would, in most cases, be final and absolute.
“The finality of the decision of the District Court of Appeal is recognized and the petition for writ of habeas corpus is denied.” (pp. 873, 874)
Accordingly, the writ of habeas corpus is discharged and the petition is dismissed.
It is so ordered.
ROBERTS, BOYD, DEKLE and CARLTON (Retired), JJ., concur.
ERVIN, J., dissents with opinion, in which McCAIN, J., concurs.