(No. 36219.—

The People of the State of Illinois, Defendant in Error, *vs.* Easton Clavin Hall, Plaintiff in Error.

*Opinion filed March 22, 1963.—Rehearing denied May 29, 1963.*

STANFORD E. GASS, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS, and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Easton Clavin Hall and Thomas Woods were indicted in the criminal court of Cook County for the crime of burglary. A jury found them both guilty and the court sentenced each one to a term of 6 to 12 years in the penitentiary. Hall prosecutes this writ of error.

The record shows, as is more fully detailed in *People* v. *Woods,* 26 Ill.2d 557, that defendant and Woods were apprehended at 5:30 A.M. on April 30, 1960, as they emerged from an alley near the Oakwood Ellis Building Corporation carrying an adding machine stolen from the corporation. They denied the burglary and told the police that they were helping a stranger named Jimmie Jackson move some items

belonging to Jackson to his car. Defendant told substantially the same story at the trial but Woods did not testify.

Defendant argues that the trial court erred in denying a motion to suppress the use of the adding machine as evidence because there was an illegal search and seizure by the police. In the *Woods* case we rejected this contention, holding that there was no search because the adding machine was not concealed from the police and that defendant could not complain of the seizure of the machine since it was left on the ground and he claimed no interest in it. Our holding there is controlling here. The motion to suppress was properly denied.

Defendant then argues that the court denied him the right to counsel of his choice and the right to act as his own counsel. Woods asked the court to appoint Lawrence E. Smith to represent them. The court said Smith does not work for nothing and appointed the public defender. A defendant does not, of course, have the right to choose his court-appointed counsel. (*People* v. *Cox,* 22 Ill.2d 534.) The record does not show that defendant requested counsel or that he wanted to represent himself, but on the contrary, it shows that he willingly accepted the services of his court-appointed counsel throughout the trial.

It is also contended that the appointment of one attorney to represent both defendants was error because there was a conflict of interest between the co-defendants. Defendant and Woods were arrested at the same time while acting in concert, they told the same story to the police, neither implicating the other in any criminal activity, they were jointly indicted, and there was no showing at the time counsel was appointed that antagonistic defenses would be advanced. Furthermore, no conflict developed during the trial. We find no error in appointing one counsel to represent both defendants. Cf. *People* v. *Aldridge,* 19 Ill.2d 176.

Defendant contends that the court erred in accepting a stipulation as to the corporate existence of the Oakwood

Ellis Building Corporation. The only substantial objection to the admission of the stipulation in evidence is that it is not a proper method of proving corporation existence. We have held, however, that corporate existence can be stipulated. *People* v. *Pride,* 16 Ill.2d 82.

It is asserted that the public defender did not try the case with the local expertise to which defendant was entitled. Defendant states that his counsel failed to make an adequate investigation of the locale of the alleged burglary, that he should not have entered into the stipulation concerning corporate existence, that he failed to properly conduct cross-examination, and that he failed to call the detectives who investigated the burglary. Defendant's trial counsel and his counsel on appeal differ as to the procedure and strategy that should have been used in this case. There is nothing to show, however, that the trial counsel handled the case in other than a competent manner. See *People* v. *Woods,* 23 Ill.2d 471.

Defendant has set forth a number of statements made by the prosecutor in his closing argument and contends that they were prejudicial. In *People* v. *Woods,* 26 Ill.2d 557, we held that the comments about Woods's flight and the inference of guilt it raises was properly based on the evidence. Complaint is also made of the prosecutor's remarks concerning fingerprints. Objection to these remarks was properly overruled as being fair reply to the remarks made by defense counsel concerning fingerprints. The prosecutor's remarks that defendants had failed to make a reasonable explanation of their possession of the stolen property and that the jury might infer there was a back exit from the apartment building were legitimate inferences deducible from the evidence. We find no reversible error in the closing argument of the prosecution.

It is asserted that Hall was not proved guilty beyond a reasonable doubt and that the trial court should have granted a new trial. This assertion was made in the *Woods*

case and rejected. What was said there is controlling here.

Defendant argues that the sentence imposed on him is excessive. He points out that he has never been convicted of a felony. The record does show, however, that he had nine previous convictions for petty larceny. The sentence was within the limits fixed by statute and we find no abuse of discretion by the trial court.

The record as corrected does away with the contention that the judgment is defective for failure to indicate the crime of which defendant was adjudged guilty and sentenced. (*People* v. *Glenn,* 25 Ill.2d 82.) The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*