206 So.2d 665 (1968)
James Otis YOUNGBLOOD, Appellant,
v.
STATE of Florida, Appellee.
Willie Frank CAMPBELL, Appellant,
v.
STATE of Florida, Appellee.
Nos. 1124, 1125.
District Court of Appeal of Florida. Fourth District.
February 9, 1968.
*666 Fred S. Schmunk, Jr., Fort Lauderdale, for appellants.
Earl Faircloth, Atty. Gen., Tallahassee, and James T. Carlisle, Asst. Atty. Gen., Vero Beach, for appellee.
WALDEN, Chief Judge.
Defendants Youngblood and Campbell were each convicted of robbery and sentenced to serve twenty-five years imprisonment at hard labor. They appeal. We reverse.
While this cause was under appellate consideration, the Florida Supreme Court rendered its decision in Baker v. State.[1] The Baker decision reversed the convictions of co-defendants who had been jointly represented by two appointed counsel, because such appointment denied to defendants the right to effective assistance of counsel guaranteed by both our Federal and State Constitutions.
The court observed that,
"* * * such an appointment denied the individual defendant representation by an attorney who could act for his best interest without regard to the effect of such action on the interest of the co-defendant. The interests and defenses of most co-defendants are conflicting. Evidence, strategy and defenses which will benefit one co-defendant usually are detrimental to the other. It is this conflict and inconsistency of position which makes it impossible for the same counsel to effectively represent two or more co-defendants simultaneously."[2] (Emphasis added.)
Defendants, through their single appointed counsel, did not initially raise this issue before us. Nonetheless, it is apparent from the record that the same appointed counsel jointly represented both defendants at trial, and again on appeal.
We consider that, notwithstanding the fact that the Baker decision was rendered after the trial of this case, the law therein enunciated is dispositive of this appeal.[3]
When the applicability of the Baker decision became apparent to us, counsel for both sides were invited to brief this point so that we might benefit from their views.
Reasonably enough, counsel for defendants urged that Baker be found controlling. The State, however, argued that, although it may be error for one court appointed attorney to represent co-defendants, it is not fundamental error. Therefore, since no objection had been made at trial, the right to individual counsel was waived.[4]
We do not so construe the Baker decision. It is true that in Baker objection was made to the joint appointment of counsel. Yet in view of the fundamental nature of the right involved, objection is not a critical factor.[5]
*667 The right to effective assistance of counsel guaranteed by the sixth amendment was recognized as fundamental and absolute by the United States Supreme Court in Glasser v. United States.[6] The following paragraph from Glasser was cited with approval by the Florida Supreme Court in the Baker decision.
"`The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial.'"[7]
Demonstrated conflict between the positions of two or more co-defendants does not appear to be necessary to show a denial of effective assistance of counsel, since no conflict between the interests of the co-defendants was relied upon in Baker.
The Supreme Court characterized previous decisions from other jurisdictions which had held that appointment of joint counsel denied defendants effective assistance of counsel as being based upon the denial to the individual defendant of representation by an attorney "who could act for his best interest without regard to the effect of such action on the interest of the co-defendant."
It was further noted that Rules 4, 5, 6 and 37, Code of Ethics Governing Attorneys, 32 F.S.A., condemn an appointment which would require an attorney to simultaneously and jointly represent co-defendants, absent the express consent of those represented.
Indeed, the mere fact of joint representation may impair counsel's effectiveness. The Supreme Court of the United States, in Glasser v. United States,[8] recognized that:
"* * * Irrespective of any conflict of interest the additional burden of representing another party may conceivably impair counsel's effectiveness."[9]
Certainly the Baker decision clearly dispensed with any need to demonstrate prejudice flowing from the appointment of joint counsel.
"* * * [W]e hold that it was unnecessary that the defendants show prejudice flowing from the denial to them of separate counsel."[10]
If neither conflicting interests nor prejudice need be shown by defendants in order to establish a denial of effective assistance of counsel then it remains to be determined only whether defendants waived such fundamental right.
We do not believe that the failure of defendants to object to their joint representation can be viewed as a waiver of their right to effective assistance of counsel. *668 The Supreme Court of the United States has recognized that:
"To preserve the protection of the Bill of Rights for hard-pressed defendants, we indulge every reasonable presumption against the waiver of fundamental rights."[11]
It does not appear from the record that defendants here affirmatively waived their right to separate, independent counsel. This is not a case where co-defendants freely chose to be represented by the same attorney. Counsel was appointed to defendants. They were not advised of the potential problems of joint representation and could not be expected to appreciate the difficulties without such warning.[12]
We hold that defendants were denied the effective assistance of counsel by the order appointing one attorney to represent both defendants, and in no way were shown to have waived that fundamental right.
We are unable to hold that this denial of effective assistance of counsel was harmless.[13]
Accordingly, the judgments of conviction and sentences are reversed and this cause remanded for a new trial at which each defendant will be represented by separate counsel. In light of the confidence shared by defendants with their present attorney, and in view of his suggestion to this effect, it would be best if he were not to represent either defendant upon re-trial.[14]
Reversed.
McCAIN, J., and BEASLEY, THOMAS D., Associate Judge, concur.
NOTES
[1] Fla. 1967, 202 So.2d 563.
[2] Id. at 565-566.
[3] In Florida East Coast Ry. Co. v. Rouse, Fla. 1967, 194 So.2d 260, the Florida Supreme Court, at page 262, noted that "`* * * an appellate court, in reviewing a judgment on direct appeal, will dispose of the case according to the law prevailing at the time of the appellate disposition, and not according to the law prevailing at the time of rendition of the judgment appealed.'"
[4] Note, however, that F.A.R. 3.7(i), 32 F.S.A., provides that, "* * * the Court, in the interest of justice, may notice jurisdictional or fundamental error apparent in the record-on-appeal, whether or not it has been argued in the briefs or made the subject of an assignment of error, or of an objection or exception in the court below."
[5] See Jones v. State, Fla.App. 1967, 200 So.2d 574, 576 and cases cited therein.

One of the cases cited by the Florida Supreme Court in Baker expressly considered this question. In State v. Tapia, 1966, 75 N.M. 757, 411 P.2d 234, no objection was made at trial to the appointment of joint counsel to represent two defendants. Nonetheless, the Supreme Court of New Mexico considered this point on appeal, and reversed noting that, notwithstanding the failure to object, they would "indulge every reasonable presumption against the waiver of fundamental rights in preserving the protection of the Bill of Rights for defendants in criminal cases."
The United States Supreme Court held that a showing of prejudice is not necessary for reversal on the ground of denial of counsel at arraignment. Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961). Because the rationale of Hamilton did not rest on a showing of prejudice, the Supreme Court in a later case reversed on the same ground despite the lack of objection at the trial level. White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963). As will be shown, the rationale of the Baker decision expressly does not rest on a showing of prejudice.
[6] 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942).
[7] Baker v. State, Fla. 1967, 202 So.2d 563, 566, quoting Glasser v. United States, ibid.
[8] 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942).
[9] Id. at 75, 62 S.Ct. at 467, 86 L.Ed. 680.
[10] 202 So.2d 563, 566.
[11] Glasser v. United States, 315 U.S. 60, 70, 62 S.Ct. 457, 465, 86 L.Ed. 680 (1942).
[12] Compare the decision in Stone v. State, Fla.App. 1966, 196 So.2d 445, 446, decided prior to the Baker decision, wherein this court found "an effective waiver * * * as well as a prior inquiry by the court of Stone's attorney concerning the propriety of his representing both defendants."
[13] "* * * before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).
[14] Baker v. State, Fla. 1967, 202 So.2d 563, 566.