211 So.2d 238 (1968)
Samuel BELTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 67-961.
District Court of Appeal of Florida. Third District.
June 4, 1968.
Robert L. Koeppel, Public Defender and Herbert M. Klein, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Jesse J. McCrary, Jr., Asst. Atty. Gen., for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and BARKDULL, JJ.
*239 PER CURIAM.
The appellant, defendant in the trial court, was convicted and judgment and sentence was entered accordingly. The only point preserved for review on this appeal is alleged error in appointing the same counsel to represent the appellant and others, after an adjudication of insolvency. The appellant relied on Baker v. State, Fla. 1967, 202 So.2d 563; Youngblood v. State, Fla.App. 1968, 206 So.2d 665, for reversal, both of which decisions were subsequent to the appointment in the trial court and the trial of this matter.
The record fails to reveal any objection by the appellant to the joint representation by the appointed counsel or a request for independent counsel. In Baker v. State, supra, a demand or request for independent counsel was made and the Supreme Court of Florida held that this required separate counsel for indigent defendants, citing Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, wherein one of the two defendants objected to the trial court's appointing his counsel to represent another co-defendant. In Youngblood v. State, supra, no demand or request was made but, notwithstanding this, the Fourth District Court of Appeal found it was error to appoint the same counsel to represent joint indigents.
We decline to follow Youngblood v. State, supra, and believe it is distinguishable from Baker v. State, supra; and hold that when there is a demand or request for independent counsel an indigent defendant is entitled to a reversal and a new trial if same is not accorded in the trial court. However, without a demand or request for independent counsel [and there not appearing a conflict in the positions of the several defendants or prejudice in the record] we will not find fundamental error and will not reverse, in accordance with the general authorities on this subject. Mohler v. United States, 7th Cir.1963, 312 F.2d 228; Lugo v. United States, 9th Cir.1965, 350 F.2d 858; Trotter v. State, 237 Ark. 820, 377 S.W.2d 14; People v. Hall, 27 Ill.2d 501, 190 N.E.2d 292; Pressley v. State, 220 Md. 558, 155 A.2d 494; Commonwealth v. Meehan, 198 Pa.Super. 558, 182 A.2d 212.
Therefore, no issue being raised as to conflict or prejudice on this appeal, we affirm the conviction, judgment, and sentence under review.
Affirmed.