217 So.2d 97 (1968)
Samuel R. BELTON, Petitioner,
v.
The STATE of Florida, Respondent.
No. 37662.
Supreme Court of Florida.
December 17, 1968.
Robert L. Koeppel, Public Defender and Herbert M. Klein, Asst. Public Defender, for petitioner.
Earl Faircloth, Atty. Gen., and Jesse J. McCrary, Jr., Asst. Atty. Gen., for respondent.
THORNAL, Justice.
We have for review a decision of a district court of appeal which passed upon a question certified to be of great public interest. Fla. Const. art. V, § 4, F.S.A.; Belton v. State, 211 So.2d 238, 239 (3d Dist.Ct.App.Fla. 1968).
We must decide whether error occurs when a trial judge fails to appoint separate counsel for jointly tried indigent co-defendants in the absence of a demand therefor and without a showing of prejudice or conflict of interests.
Petitioner Belton and two co-defendants were jointly tried and convicted on a charge of robbery. Petitioner and one of the others were adjudged insolvent. All three were represented by the same public defender. There was no demand for separate counsel and no objection to joint representation at the trial. There was no showing of a conflict of interest among the defendants and no actual prejudice has been made to appear. On appeal to the District Court of Appeal, Third District, Belton urged for the first time that a fundamental error occurred when he and a co-defendant were not provided separate counsel at the trial. The District Court did not agree. The conviction was affirmed. This certiorari proceeding followed. Our jurisdiction stems from the certificate of great public interest.
As in the District Court, Belton claims here that the problem must be resolved in his favor on the authority of Baker v. State, 202 So.2d 563 (Fla. 1967). As did the District Court, we find the two cases to be clearly distinguishable. Baker did not involve the necessity of searching out a so-called fundamental error. There a demand for independent counsel was made at the trial. It was refused by the trial judge. The alleged error was preserved and advanced on appeal. We held that it was error to refuse the request for separate counsel. Baker relied on a number of out-of-state cases which stand for the rule that co-defendants have the right to separate, independent counsel when (1), there is an objection or request made during the trial; (2), there is a conflict of interests between the co-defendants; or (3), the record reveals that some prejudice results from service by joint counsel. We commented that the "interests and defenses of most co-defendants are conflicting" and "usually" the strategy that will benefit one will react to the detriment of the other. *98 We then stated that "it is this conflict and inconsistency of position which makes it impossible for the same counsel to effectively represent two or more co-defendants simultaneously." Despite the insertion of the obiter regarding the "usual" presence of prejudice or conflict, the Baker judgment really stands for no more than that error was committed when the trial judge refused the request for separate counsel at the beginning of the trial. If a defendant is indigent and such a request is made it should be granted unless it can be demonstrated to the trial judge that no prejudice will result or that no conflict will arise as an incident of the joint representation. Without such a request being made, failure to appoint separate counsel will not be held to constitute error unless it is demonstrated that prejudice results from such failure. Error does not occur because of joint counsel in the absence of a request for separate counsel or a showing of prejudice or conflict of interest.
In the instant case there was neither a request for separate counsel nor a showing of prejudice. Consequently, reversible error is not revealed by the record. This in effect was the rule of Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), which is generally accepted as the leading case on the subject. There one attorney was assigned to represent two defendants, Glasser and Kretske. Glasser objected. In reversing his conviction the United States Supreme Court determined: (1) a conflict of interest which adversely affected Glasser's defense and (2), Glasser's demand for separate counsel should have been respected. On the other hand Kretske's conviction was affirmed. He made no objection to joint counsel nor did the record reveal any harm to him. It appears from this authoritative decision that the mere existence of two defendants with one attorney does not necessarily equal the denial of the effective assistance of counsel as a matter of law.
In addition to the decision under review, the same application was accorded to Baker and Glasser in Rogers v. State, 212 So.2d 367 (1st Dist.Ct.App.Fla. 1968); and Dunbar v. State, 214 So.2d 52 (2d Dist.Ct. App.Fla. 1968), where the Second District Court of Appeal modified its earlier view as stated in Williams v. State, 214 So.2d 29 (2d Dist.Ct.App.Fla. 1968). A different view has been taken in Youngblood v. State, 206 So.2d 665 (4th Dist.Ct.App.Fla. 1968).
We find that the District Court correctly disposed of the matter. Its decision is approved and the writ is discharged.
It is so ordered.
CALDWELL, C.J., and DREW, ERVIN and HOPPING, JJ., concur.