217 So.2d 98 (1968)
STATE of Florida, Petitioner,
v.
James Otis YOUNGBLOOD and Willie Frank Campbell, Respondents.
No. 37281.
Supreme Court of Florida.
December 17, 1968.
Rehearing Denied January 6, 1969.
*99 Earl Faircloth, Atty. Gen., and James T. Carlisle, Vero Beach, for petitioner.
Leonard L. Stafford, Asst. Pub. Defender, Broward County, Fort Lauderdale, for Willie Frank Campbell.
Leroy H. Moe, Hollywood, Fla., for James Otis Youngblood.
THORNAL, Justice.
By petition for certiorari we have for review a decision of a district court of appeal which allegedly conflicts with a decision of this Court on the same point of law. Fla. Const. art. V, § 4, F.S.A.; Youngblood v. State, 206 So.2d 665 (4th Dist.Ct. App.Fla. 1968).
We are confronted by a claim of alleged fundamental error because of failure to appoint separate counsel for indigent codefendants.
Respondents Youngblood and Campbell were charged with robbery. They were represented jointly at the trial by a single court-appointed lawyer. Following conviction they appealed to the District Court of Appeal, Fourth District. That Court sua sponte raised the question of the propriety of representation of the two defendants by a single attorney although error had not been assigned on that point. However, the District Court regarded the failure as a fundamental error that would support reversal even though the point had not been made at trial nor raised on appeal.
Jurisdiction for certiorari is laid here with the claim that the decision under review conflicts with the decision of this Court in Baker v. State, 202 So.2d 563 (Fla. 1967).
Although the District Court relied on Baker v. State, supra, that case and this are distinguishable. Baker did not involve the fundamental error problem. There, objection to joint counsel was raised at the trial and expressly saved for appellate review. Here, it was not. However, subsequent to the decision in the instant case the Court of Appeal, Third District, decided Belton v. State, 211 So.2d 238, 239 (3d Dist.Ct.App.Fla. 1968), and the Court of Appeal, First District, decided Rogers v. State, 212 So.2d 367 (1st Dist.Ct.App. Fla. 1968). In the instant case, the Fourth District decided that the alleged error was fundamental, that is that reversal could be based upon it even though the point was not made at trial. In the cases mentioned for conflict the First and Third Districts held otherwise. The Court of Appeal, Second District, in Dunbar v. State, 214 So.2d 52 (2d Dist.Ct.App.Fla. 1968), has joined Belton and Rogers. The decision under review is, therefore, in jurisdictional conflict with the decisions of the other three districts.
We have approved the decision of the District Court in Belton v. State, supra, by our opinion dated December 17, 1968, 217 So.2d 97. We there held that failure to appoint separate counsel for co-defendants is not error in the absence of a request therefor or a showing of prejudice. Dunbar v. State, supra, is currently pending here on a certificate of public importance raising the problem of whether Baker v. *100 State, should be accorded retroactive application.
We, therefore, find jurisdictional conflict between the Fourth District in Youngblood and the First, Second and Third Districts in Rogers, Dunbar and Belton respectively.
It is important to place the problem at hand in proper focus. We do not here deal with the total deprivation of counsel. The mere fact of total deprivation of counsel is presumptively prejudicial. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and on remand Gideon v. Wainwright, 153 So.2d 299 (Fla. 1963). See also, Harris v. State, 162 So.2d 262 (Fla. 1964), where we discussed the deprivation of counsel impact reflected by Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961), and White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963). The matter of joint or separate counsel for jointly tried co-defendants is an aspect of the broader problem involving the effective assistance of counsel. Baker v. State, supra, 202 So.2d at 565. In Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), two co-defendants were jointly represented by the same lawyer. Glasser objected and pointed to potential conflicts and prejudices. His co-defendant, Kretske, filed no objection and made no showing of prejudice. The United States Supreme Court reversed as to Glasser, but affirmed as to Kretske. Obviously, if joint representation of co-defendants by the same lawyer necessarily results in prejudice, the court could not have reached different results for Glasser and Kretske. The decision in Glasser is literally saturated with the need to show some prejudice following from the joint representation. The Court will not weigh or evaluate the quantum of prejudice if harm to an accused is demonstrated. The fact remains that every joint representation of co-defendants by the same lawyer does not, standing alone, automatically require a reversal. Prejudice does not presumptively follow joint representation as it does total deprivation of all representation by counsel.
The District Court here held that failure to object to joint representation did not constitute a waiver of the right to effective assistance of counsel. That Court went further. It held that a conviction is fundamentally defective and subject to reversal on the joint representation ground even though there is no request for separate counsel and, further, even though no prejudice results from such joint representation.
We have held that a so-called fundamental error which will justify a reversal absent an objection at trial must be one which reaches down into the vitals of the trial itself, and must be such as to produce the guilty verdict which otherwise could not have resulted without the assistance of the error. Hamilton v. State, 88 So.2d 606, 607 (Fla. 1956). When subjected to this test, the error relied on for reversal by the District Court could not have constituted a fundamental error because it has not been demonstrated, nor has it even been claimed, that any prejudice at all resulted. In the absence of a showing of prejudice it could hardly be correctly concluded that the alleged error was a critical element in producing the conviction.
Our own research has led us to no decision which holds for reversal of a conviction on the subject ground where there was no objection at trial and no showing of prejudice as a result of the error. Conversely, the cases which reverse convictions where there was no objection to joint counsel at trial consistently find present the element of prejudice flowing from the joint representation. Illustrative is State v. Tapia, 75 N.M. 757, 411 P.2d 234 (1966), quoted for support in the opinion under review. It is true that in Tapia the convicted defendant did not make a trial objection. However, the New Mexico Court dwelt at considerable length on the serious prejudice that resulted against the convicted Tapia and in favor of his co-defendant who was acquitted. No such situation is presented by the case at bar.
*101 We have held in Belton v. State, opinion filed December 17, 1968, that:
(1) When a joint defendant requests separate counsel, his request should be granted unless the state can clearly demonstrate for the record that prejudice will not result from a denial. If request is made and the record shows prejudice from denial or is silent on the subject, such denial will constitute reversible error.
(2) If no request for separate counsel is made and the Court permits trial of joint defendants with single counsel, then reversible error does not occur unless the record reveals that some prejudice results from the failure to appoint separate lawyers for each defendant.
On the authority of our opinion in Belton v. State, supra, the decision under review is quashed and the cause remanded to that Court for further proceedings consistent herewith.
It is so ordered.
CALDWELL, C.J., and DREW, ERVIN and HOPPING, JJ., concur.