OWEN, Judge.
Appellant, together with two others, was tried and convicted of robbery. The various errors assigned and the points raised on appeal and argued in the briefs are without merit. During the course of oral argument appellant’s counsel called attention to the fact that appellant and a co-defendant had been jointly represented by the same public defender. Although the point was not properly raised on appeal, a majority of this court felt that upon the authority of Youngblood v. State, Fla.App.1968, 206 So.2d 665, this was fundamental error, notwithstanding the absence of appellant’s request for separate counsel and a complete absence of prejudice resulting from the joint representation. We originally filed our opinion December 12, 1968, vacating the judgment and sentence and remanding for a new trial, Judge Robert E. Hensley dissenting with the view that joint representation, without objection and without any prejudice or conflict being shown, was not fundamental error.
On December 17, 1968, the Supreme Court of Florida filed its opinion in State v. Youngblood, Fla., 217 So.2d 98, quashing the opinion in Youngblood v. State, *868 Fla.App.1968, 206 So.2d 665, on the an-thority of the Supreme Court s opinion in Belton v. State, Fla.1968, 217 So.2d 97. In the last cited case it was held that failure to appoint separate counsel for co-defendants is not error- in the absence of a-request therefor, or a showing of prejudice. We granted petition for rehearing and withdrew the opinion we had filed December 12, 1968. Since appellant did not request separate counsel and since it clearly appears from the record that no prejudice did or could result from the court’s failure to appoint separate lawyers for each defendant, the judgment and sentence herein are severally affirmed on the authority of Belton v. State, supra, and State v. Youngblood, supra.
CROSS, J., and HENSLEY, ROBERT E., Associate Judge, concur.