PER CURIAM.
Defendants William Griffin, Jr., John Henry Hightower and Lee Charles Rushing were each convicted of breaking and entering with intent to commit grand larceny and grand larceny. They urge that reversal is required because they were jointly represented by a single appointed attorney.
At trial defendants did not object to joint representation, and their appellate presentation has failed to demon *515 strate any resulting prejudice. Since joint representation alone does not provide ground for reversal, defendants’ contention must fail. State v. Youngblood, Fla., 217 So.2d 98, opinion filed December 17, 1968, and Belton v. State, Fla., 217 So.2d 97, opinion filed December 17, 1968.
Defendants’ remaining allegation, that the state did not meet its burden of showing the value of the stolen property to be $100.00 or more at the time of the theft, is not supported by the record. Accordingly, the judgments and sentences appealed from are
Affirmed.
WALDEN, C. J., and CROSS and McCAIN, JJ., concur.