220 So.2d 366 (1969)
Michael DUNBAR, Petitioner,
v.
STATE of Florida, Respondent.
No. 37881.
Supreme Court of Florida.
March 12, 1969.
*367 Robert E. Jagger, Public Defender, and Carleton L. Weidemeyer, Asst. Public Defender, for petitioner.
Earl Faircloth, Atty. Gen., and Robert R. Crittenden, Asst. Atty. Gen., for respondent.
THORNAL, Justice.
We have for review a decision of a district court of appeal which passed upon a question certified by the deciding court to be of great public interest. Fla. Const. art. V, § 4, F.S.A.; Dunbar v. State, 214 So.2d 52 (2d Dist.Ct.App.Fla. 1968).
Our primary problem is to decide whether the rule of Baker v. State, 202 So.2d 563 (Fla. 1967), should be applied retroactively.
We are here presented with a post-conviction collateral attack on a conviction and sentence for the crime of robbery. In 1965, Michael Dunbar and three co-defendants were tried and convicted of robbery. Petitioner and one defendant were jointly represented by the Public Defender's office. There was no objection to the arrangement, although there was a motion for severance which was denied.
Two years after the conviction we decided Baker v. State, supra. The date of the decision was September 20, 1967. We there held that error occurred when a trial judge refused a request for independent counsel. He required co-defendants to stand trial with joint representation by the same counsel in the face of a clear showing of prejudicial conflict of interest between the defendants. Moreover, Baker involved a direct, not a collateral, attack on the conviction.
Our jurisdiction of the instant matter derives from the certification of the questions of great public interest. Incidentally, the certificate in the instant case specifically identified the matters which the District Court deemed to be of "great public interest." Such particularity is helpful to us in ascertaining immediately the points considered critical to the ultimate determination of the case. Actually, Fla. Const. art. V, § 4, appears to contemplate specification of the questions considered to be of great public interest by the certifying court.
The certificate accompanying the decision here states it passes upon a question of great public interest "in that failure to object to one attorney representing two or more co-defendants constitutes fundamental error and that objection need not be made to preserve the error for appellate review; that there must be some showing of a conflict of interest as to constitute prejudice to one or more of the defendants before relief can be granted by the appellate court; and that the effect of Baker has no retroactive application."
The problems of fundamental error and the need for an objection and a showing of prejudice are discussed and disposed of in our recent opinions in State v. *368 Youngblood, 217 So.2d 98 (filed December 17, 1968, Fla.), and Belton v. State, 217 So.2d 97 (filed December 17, 1968, Fla.). On the point now before us, the sum of the holding of the cases last-cited simply is that if there is no request for separate counsel and the court permits trial of joint indigent defendants with single court-appointed counsel, reversible error does not occur unless the record reveals that some prejudice results from failure to appoint separate lawyers for each defendant.
On the matter of fundamental error the District Court here relied on Youngblood v. State, 206 So.2d 665 (4th Dist.Ct.App. Fla. 1968). This was misplaced confidence because that decision was quashed by our opinion in State v. Youngblood, supra. However, this error was rendered of no effect when the District Court added the requirement of a showing of prejudice as prescribed by Belton v. State, 211 So.2d 238, 239 (3d Dist.Ct.App.Fla. 1968), a decision which we approved by our opinion in Belton v. State, supra.
The District Court's refusal to apply Baker v. State, supra, retroactively was a correct disposition of this aspect of the matter. The analysis of the elements of decisional retroactivity contained in the opinion under review is sound and consistent with controlling precedents on the subject. We, ourselves, have discussed the matter thoroughly in State v. Steinhauer, 216 So.2d 214 (Fla. 1968). Any further elaboration here would be duplicitous. The decision below is therefore approved on the authority of our own discussion of retroactivity in Steinhauer.
Except as modified in connection with its reliance on Youngblood v. State, supra, the decision under review is approved and the writ is discharged.
It is so ordered.
ERVIN, C.J., DREW and CALDWELL (Retired) JJ., and TAYLOR, Circuit Judge, concur.