LILES, Chief Judge.
Appellant was informed against on the charge of assault with intent to commit escape and attempt to escape from county jail. He was arraigned on both charges and entered a plea of guilty to each charge. On September 24,1964, appellant was sentenced on each of the charges to a term of six months to five years to run concurrently. Subsequently, appellant in proper person filed a motion to vacate and set aside judgment and sentence pursuant to CrPR 1.850, 33 F.S.A. This motion was denied without a hearing.
In the motion appellant alleged that he and two codefendants were awaiting transfer to Florida State Prison to commence serving sentences for which they had been convicted and which were unrelated to each other. After the attempt to escape the appellant and the two codefendants were jointly represented by the public defender’s office. Said public defender was appointed immediately prior to the time of arraignment and was only allowed approximately ten minutes to talk with the appellant and his codefendants.
In his appeal appellant urges that it was error for him to be tried with one or more codefendants having the same counsel, and that the trial judge erred in denying his motion to vacate and set aside sentence without an adversary hearing. The question regarding the trial of one defendant with one or more codefendants jointly represented by a public defender has been answered contrary to appellant’s position. Belton v. State, Fla.1968, 217 So.2d 97; State v. Youngblood, Fla.1968, 217 So.2d 98. See Baker v. State, Fla.1967, 202 So.2d 563 and Dunbar v. State, Fla.App.1968, 214 So.2d 52.
The other contention raised by appellant regarding the time lapse between appointment of counsel and the trial is without merit since the time allowed before trial was adequate to cover the simple charges to be tried. Assault with intent to commit escape and attempt to escape are not complicated charges. In view of the simplicity of the charges and the facts of record the time allowed was sufficient. See State v. Barton, Fla.1967, 194 So.2d 241.
Appellant having failed to show error, the judgment of the trial court is affirmed.
PIERCE and MANN, JJ„ concur.