LILES, Chief Judge.
Defendant along with two codefendants was informed against and charged with the crime of robbery. The public defender was appointed to represent him and a plea of not guilty was entered and the case was set for trial on May 16, 1967.
Prior to the trial and after a thorough examination as to the voluntariness of defendant’s plea, the court allowed the defendant to change his plea of not guilty to one of guilty as charged. The trial judge then sentenced defendant to a term of five years with time already spent in jail allowed against the sentence.
Subsequently, defendant filed a Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix motion to vacate and set aside the judgment, charging that this plea was involuntarily given and was improperly induced by promises of leniency and threats from the defendant’s court appointed attorney; that he was not advised of his rights to have counsel present during in-custody interrogation; and that he was denied effective assistance of counsel because the same counsel represented him and two co-defendants upon the same charge.
After a hearing on the motion the trial judge denied same and this appeal followed.
As to the voluntariness of the plea, the record shows that appellant was questioned and examined, and promised nothing. His rights were explained to him and nothing was promised to him to obtain his plea of guilty. All of the constitutional safeguards were followed.
His second contention is without merit because he entered a plea of guilty to the charge and no statement taken from him during in-custody interrogation was used.
*36 His third contention is without merit because it has been answered by the Supreme Court in Belton v. State, Fla.1968, 217 So.2d 97, and State v. Youngblood, Fla.1968, 217 So.2d 98.
For these reasons the trial judge properly denied defendant’s motion.
Affirmed.
HOBSON and McNULTY, JJ., concur.