PIERCE, Judge.
The two appellants, Powell and Wright, were jointly charged by information with the crime of robbery. Later after trial upon a plea of not guilty, they were convicted by a jury and adjudged guilty and sentenced by the Court. They have jointly appealed here. The sole assignment of error and the only ground argued in this Court is “that the trial Court committed prejudicial error by violating the defendants’ constitutional right to counsel in that the Court appointed the Public Defender to represent the indigent co-defendants at their joint trial”.
Defendants rely here upon the Supreme Court case of Baker v. State, Fla.1967, 202 So.2d 563, and the 4th District Court case of Youngblood v. State, Fla.App.1968, 206 So.2d 665. Those cases were thereafter expressly superseded by the Supreme Court in State v. Youngblood, Fla.1968, 217 So.2d 98. And this Court in Garner v. State, Fla.App.1969, 218 So.2d 460, stated that—
“ * * * under the recent decision of the Supreme Court in State v. Youngblood, 217 So.2d 98, opinion filed December 17, 1968, the law was finally settled in this State that representation *465 by a single attorney of indigent co-defendants is legally permissible (a) if no request for separate counsel is made and the record reveals no prejudice to have resulted from failure to appoint a separate lawyer for each defendant, or (b) where a joint defendant does request separate counsel, but the State clearly demonstrates that prejudice would not result from a denial.”
The record here does not show that any request for separate counsel was made at any time in the lower Court, nor that prejudice to either defendant resulted from failure to appoint separate lawyers for them. In fact, the record fails to show that any motion for new trial was filed after conviction.
Reversible error not having been made to appear, the order appealed from is therefore—
Affirmed.
HOBSON, Acting C. J., and McNULTY, J., concur.