McNULTY, Judge.
Appellant was jointly tried with three codefendants under two indictments charging first degree murder, both of which indictments were joined for trial. The jury convicted him of manslaughter under each indictment and he directly appeals the judgments thereof.
All four of the codefendants were declared to be insolvent, and were each jointly represented by the same court-appointed attorney. The trial of this case was begun on September 11, 1967, and the verdicts were returned two days later. The trial court did not enter any judgment thereon at that time pending a determination of motions for new trial, which were subsequently denied. The judgments appealed from were thereafter entered on December 19, 1967.
Appellant raises two arguable points on appeal. First, he alleges that he was denied effective assistance of counsel,[1] and thus the convictions are void under the holding of the Florida Supreme Court in Baker v. State.[2] We note that the decision in Baker was handed down on September 20, 1967; and it can be seen from the above timetable of material events that the decision became effective after the trial hereof but before the entry of the judgments appealed from.
We held in Dunbar v. State,[3] that the decision in Baker would be given prospective effect only. This decision was upheld by the Supreme Court on our certification of the question.[4] However, we don’t have to decide whether the Baker case is applicable under the chronology here. Even assuming that the Baker rationale is applicable, which we do not hold, the appellant did not bring himself within the purview of that case by requesting separate counsel, or by demonstrating that prejudice resulted.[5] Indeed, the record affirmatively shows, from the testimony of each of the codefendants including appellant, that the interests and defenses of all codefendants were essentially the same. Certainly they were consistent and in no way mutually repugnant. Furthermore, the evidence against each of them was identical in most crucial respects; and, in any event, was not so disproportionately strong as against any of his codefendants as to even suggest that appellant was unduly prejudiced.
Appellant’s second contention is that the evidence was insufficient to support a judgment of guilt. We have reviewed the record and find it replete with evidence sufficient to support the conclusion that appellant was an aider and abettor of each homicide, even if it could be said *359 that he was not the actual perpetrator of either. The trial court properly charged the jury with regard to aiding and abetting, and further correctly charged that an aider and abettor can be tried and convicted as a principal in the first degree.[6]
The judgment and conviction appealed from should be, and it is,
Affirmed.
LILES, C. J., and MANN, J., concur.

. Amendments 6 and 14 of the Constitution of the United States, and § 11, Deck of Rights, Florida Constitution, F.S.A.

. (Fla.1967), 202 So.2d 563.

. (Fla.App.2d 1968), 214 So.2d 52.

. (Fla.1969), 220 So.2d 366.

. See Belton v. State (Fla.1968), 217 So.2d 97, and State v. Youngblood (Fla.1968), 217 So.2d 98.

. See § 776.011, F.S.A.