WALDEN, Judge
(dissenting).
This appeal projects a clear example of harmless error and to reverse is to ignore and violate the mandate found in Section 924.33, F.S.1967, F.S.A., it being:
“When judgment not to be reversed or modified. — No judgment shall be reversed unless the appellate court after an examination of all the appeal papers is of the opinion that error was committed *757 which injuriously affected the substantial rights of the appellant. It shall not be presumed that error injuriously affected the substantial rights of the appellant.”
Defendant, during the progress of the trial, changed his plea to guilty of a lesser included offense. On this straight appeal he presents a single point:
“The lower court erred in accepting defendant’s plea of guilty without first determining, for the record, that the plea was made voluntarily and understanding-3y. This error requires that judgment of conviction and sentence be set aside.”
The argument centers on the adequacy of the questioning procedure employed by the trial judge at the time the guilty plea was accepted. His position is that, if the questioning be deemed inadequate, it absolutely follows as a matter of law ipso facto that his plea was not voluntarily and understandably made. The record does not reveal any allegation, hint, suggestion, fact or showing whatever that defendant’s plea was involuntary and not understandably made. To the contrary, it affirmatively appears from the record that the plea was voluntary and was made with understanding. This is revealed in a motion for mitigation filed by defendant wherein he asks leniency and states in his own handwriting, “I, Albert Laws, realize and voluntarily entered a plea of guilty.”
So there may be no misunderstanding, I would reach a different result if the defendant showed that his plea was not properly made or if prejudice to him was reflected in the record.
It is basic, of course, that the trial court should not accept a plea without determining if same is voluntarily and understandably made, Rule 1.170(a), Cr.P.R. However, it is to be emphasized that no precise formula, prescribed colloquy or set of guidelines have thus far been imposed upon the trial court as to how to make such determination. Even if it be assumed that the procedure here employed was less than classic (and it can not be doubted that it would have been desirable for the trial court to go through the redundant rigamarole of questions that most judges employ at such times just to make the record —even though such procedure does not necessarily insure that a defendant can not later challenge the voluntariness of his plea), the very same rule provides the defendant with a clear and traditional remedy if he should later consider that his plea was improperly made. Rule 1.170(f), Cr. P.R., states:
“Withdrawal of Plea of Guilty. The court may, in its discretion, and shall upon good cause, at any time before sentence, permit a plea of guilty to be withdrawn and, if judgment of conviction has been entered thereon, set aside such judgment, and allow a plea of not guilty, or, with the consent of the prosecuting attorney, allow a plea of guilty of a lesser included offense, or of a lesser degree of the offense charged, to be substituted for the plea of guilty.”
The use of such. rule would accord with orderly recognized procedures in that it would afford the trial court an opportunity to assay the circumstances of the plea and make a record on that issue in order that the ruling on the defendant’s motion could be exactly reviewed upon appeal. To do otherwise is to nullify this section of the rule and engraft a haphazard method of handling such issues.
It is a matter of balance and understanding. It is to be remembered and reiterated again and again that the questions employed by the trial judge at plea time are a means to an end — not an end in and of themselves. The end — the fundamental issue — is whether or not the defendant understood what he was doing and voluntarily made his plea. If it appears that the defendant freely and voluntarily pled guilty, then how can it be of consequence that the trial judge at the time asked questions inadequate in quality and quantity? What gain is it if the trial judge asked ex *758 tensive questions that would satisfy even the most demanding, if in fact the defendant’s guilty plea was coerced or otherwise defective? Of course, relief would be granted in such cases regardless of the questioning. So the matter to be graded is the quality of the plea, not the quality of the questioning. Although it is to be recognized that if the defendant makes a proper allegation and showing of coercion or the lack of understanding, the questioning employed by the trial judge at the time would be, among other things, undoubtedly relevant and material to the inquiry.
Law, and particularly that in the area of criminal jurisprudence, is filled with enough meaningless form and hackneyed procedure. Let us not add to it by fastening on to the trial judge a requirement «that he employ by cant and rote some set of stock questions without the use of which a guilty plea can not stand. Let us rather accord the criminal court bench the dignity and the discretion to determine whether such plea is voluntarily and intelligently made. We should assume that the procedure is adequate and the decision correct in the absence of some allegation and showing to the contrary and a reflection in the record that prejudice has been visited upon a defendant.[1]
This writer is not impressed with the undue solicitude and presumption of error that has been accorded this particular step or procedure in criminal prosecutions. We know that there can be violations of the defendant’s rights, constitutional and otherwise, from which he can obtain no relief in the absence of the showing of an objection and prejudice. To catalog a few:
Harrington v. California, 1969, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284. It was harmless error, looking at the record as a whole, for the defendant who did not confess not to have been able to cross-examine two of his co-defendants who did confess and chose not to testify.
State v. Galasso, Fla.1968, 217 So.2d 326. Although it was deemed error to admit into evidence certain statements made by one of the accused before he was given a Miranda warning, the error was considered harmless in that it could not have injuriously affected the substantial rights of either of the accused.
State v. Youngblood, Fla.1968, 217 So.2d 98; Belton v. State, Fla.1968, 217 So.2d 97. Failure to appoint separate counsel for indigent co-defendants did not constitute error absent a showing of prejudice.
Simpson v. State, Fla.App.1968, 211 So. 2d 862. The failure of the defendant to object to the admission of a confession because it had not been either signed by him nor read to or by him waived the objection. However, even if it were deemed error to admit the confession without objection, the error was harmless where there was other competent evidence to sustain the finding of guilt.
In conclusion, since I can not find any prejudice shown to the defendant by the error of not questioning his guilty plea, I *759 would affirm without prejudice to defendant’s right to seek relief under Rule 1.-170(f), Cr.P.R., or Rule 1.850, Cr.P.R., if he be so advised.