PER CURIAM.
Appellant seeks reversal of a lower court order denying his post-conviction motion to vacate judgment and sentence filed under Rule 1.850.
Appellant was convicted, along with two companions, of robbing a Standard Oil station just off the interstate highway in Marion County, Florida, on July 25, 1967. His conviction, along with that of his two companions, was reviewed by this court on direct appeal and affirmed on April 10, 1969. See Avis v. State, Fla.App., 221 So.2d 235.
In his motion to vacate, appellant asserts several grounds relating to the sufficiency of the evidence on the question of identification. These questions were considered and rejected by this court as being without merit on the direct appeal. The only new claim asserted in the motion not heretofore considered by the court relates to the court’s failure to provide separate counsel for appellant at the trial. In reviewing the averments contained in the motion to vacate considered by the trial court, we fail to find that this claim was presented to the trial judge for his consideration. Nothing in the motion indicates that a request for separate counsel was' made to the trial court nor that there were any objections interposed to the representation of appellant and his codefendants by one attorney. We have held that where no objection was raised at the trial as to the appointment of a single attorney to represent two or more codefendants, no constitutional error is shown. Rogers v. State, 212 So.2d 367 (Fla.App.1968); and Belton v. State, 211 So.2d 238 (Fla.App.1968).
Affirmed.
CARROLL, DONALD K., Acting C. J., and WIGGINTON and SPECTOR, JJ., concur.