LILES, Acting Chief Judge.
Appellant was represented by co-counsel, was convicted by a jury and sentenced to fifteen years in prison. Subsequently he filed his motion to vacate sentence and judgment for the reason that he was denied due process in that he had to share a court-appointed counsel with a codefendant. No motion for separate counsel was made prior to or during the trial.
The Florida Supreme Court in Dunbar v. State, Fla.1969, 220 So.2d 366, where they reviewed this court’s opinion at 214 So.2d 52 wherein we certified the question as being of great public interest, said:
“On the point now before us, the sum of the holding of the cases last-cited simply is that if there is no request for separate counsel and the court permits trial of joint indigent defendants with single court-appointed counsel, reversible error does not occur unless the record reveals that some prejudice results from failure to appoint separate lawyers for each defendant.” 220 So.2d at 368.
The court there was speaking of State v. Youngblood, Fla.1968, 217 So.2d 98, and Belton v. State, Fla.1968, 217 So.2d 97.
Therefore, it would appear that the trial judge committed error when he failed to afford appellant an evidentiary hearing. The purpose of the evidentiary hearing being to allow appellant to show prejudice if he is able. In the absence of a showing of prejudice, the appellant would not be entitled to the relief prayed for in his motion to vacate and set aside since he failed to preserve the point at the inception of the trial where he should have made the motion for separate counsel.
For these reasons we reverse and remand for an evidentiary hearing.
Reversed and remanded.
PIERCE and MANN, JJ., concur.