LILES, Judge.
Appellant Martin G. Beucher and another defendant, Thomas Harold Center, were charged by information with the offense of breaking and entering a building other than a dwelling house with intent to commit a misdemeanor. Appellant pleaded not guilty, and the case was set for trial. Both defendants were being represented by the same Assistant Public Defender.
Appellant Beucher filed a written request for appointment of separate counsel, and this request was denied by the Circuit Court of Pinellas County. Trial was held by jury, and appellant Beucher was found guilty. Beucher filed a motion to vacate and set aside the judgment pursuant to CrPR 1.850, 33 F.S.A., and the circuit court denied the petition without an evidentiary hearing.
This appeal is taken on the grounds that the circuit court’s action conflicts with the rulings of the Florida Supreme Court in Belton v. State, Fla.1968, 217 So.2d 97, and State v. Youngblood and Campbell, Fla.1968, 217 So.2d 98. Appellant’s point is well taken. The law as set forth in Belton and State v. Youngblood, supra, is clear. If a defendant requests separate counsel, this request should be granted unless the state can clearly demonstrate for the record that prejudice will not result from a denial. Appellant here made his request for separate counsel, and the request was denied. The record does not recite that the state clearly demonstrated that prejudice would not result.
In view of the foregoing authorities, this case is remanded to the trial court for an evidentiary hearing on whether or not prejudice resulted from the denial of separate counsel.
Reversed and remanded.
HOBSON, C. J., and PIERCE, J., concur.