248 So.2d 517 (1971)
Earton David JONES, Appellant,
v.
The STATE of Florida, Appellee.
No. 70-1026.
District Court of Appeal of Florida, Third District.
May 25, 1971.
Phillip A. Hubbart, Public Defender and Lewis S. Kimler, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and J. Robert Olian, Asst. Atty. Gen., for appellee.
Before BARKDULL, HENDRY and SWANN, JJ.
PER CURIAM.
Appellant, defendant in the criminal court of record, appeals a robbery conviction. He contends error in two particulars: (1) that he was denied counsel at a preliminary hearing, citing Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387, and (2) that the evidence was insufficient to sustain the conviction.
As to the first point, the First District Court of Appeal of Florida has held, in Harrison v. Wainwright, Fla.App. 1971, 243 So.2d 427, that Coleman v. Alabama, supra, is not applicable in Florida and we think this case disposes of this point adverse to the appellant. Further, no motion was made in the trial court, either during the trial or in post-trial motions, raising the applicability of the doctrine in Coleman v. Alabama, supra. And we hold that even if Coleman v. Alabama, supra, were to be followed in Florida, it would be incumbent on defense counsel in proceeding subsequent to the cited decision to at least call this principle [and any alleged error in a criminal proceeding] to the attention of a trial judge no later than the close of the time for filing post-trial motions. See also: Miller v. State, Fla.App. 1971, 246 So.2d 169. Compare Yakus v. *518 United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834; Michel v. Louisiana, 350 U.S. 91, 76 S.Ct. 158, 100 L.Ed. 83, wherein the Supreme Court of the United States has held that even a Federal constitutional right may be waived if not timely presented.
Turning to the other point on the sufficiency of the evidence, we find no merit in this contention in light of the evidence disclosing that the appellant and another were accosting the victim and his brother with a gun from outside of an automobile, at the time they were robbed by others within the automobile. If the appellant and the others outside the automobile were not active participants in the robbery, they were certainly aiders and abettors. Prather v. State, Fla.App. 1966, 182 So.2d 273; Sotomayor v. State, Fla.App. 1969, 224 So.2d 357; DeLaine v. State, Fla.App. 1970, 230 So.2d 168; § 776.011, F.S.A.
Therefore, for the reasons above stated, the judgment of conviction and sentence thereon be and the same are hereby affirmed.
Affirmed.