LILES, Judge.
Appellant appeals the denial of his Rule 1.850, 33 F.S.A., motion to vacate and set aside judgment and sentence. He assigns as error the ineffectiveness of counsel and the fact that the public defender represented him and co-defendants, Charles White and Don Calmorgan.
Appellant was charged, along with his co-defendants, with three counts of robbery. He plead guilty and was sentenced to five years on each count to run concurrently. The trial judge denied his Rule 1.-850 motion and it is from this ruling that appellant appeals.
We do not believe that defendant was represented by ineffective counsel. The court went into great detail, as is supported by the record, before the court accepted appellant’s plea of guilty. Further, appellant did not request separate counsel. It has been held by the supreme court in State v. Youngblood, Fla.1968, 217 So.2d 98, and by this court in Dunbar v. State, Fla.App.1968, 214 So.2d 52, that if no request for separate counsel is made and the court permits trial of both defendants with single counsel, then reversible error does not occur unless the record shows prejudice. Here, the record shows no such prejudice.
In this instance, appellant’s plea of guilty was accepted only after the consequences of such plea were greatly and succinctly explained to him.
For these reasons, the denial of the motion to vacate and set aside the judgment and sentence is therefore affirmed.
PIERCE, C. J., and MANN, J., concur.