273 So.2d 412 (1973)
John William MARSHALL et al., Appellants,
v.
STATE of Florida, Appellee.
No. 72-291.
District Court of Appeal of Florida, Second District.
January 5, 1973.
Rehearing Denied March 16, 1973.
Walter R. Talley, Public Defender, and Edwin T. Mulock, Asst. Public Defender, Bradenton, for appellants.
Robert L. Shevin, Atty. Gen., Tallahassee, and David Luther Woodward, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Acting Chief Judge.
Appellants were charged and convicted of robbery. All three defendants were tried simultaneously in the same proceeding and each was represented by the same public defender.
Each defendant had made a separate confession implicating each other and each confession was introduced at the trial with instructions to the jury to disregard each confession except as it pertained to the individual confessor. None of the defendants took the stand in his own defense.
*413 The confusion in the instant case arises from the pretrial discussion between counsel for defendants and the able trial judge. Appellants would like us to believe that their attorney was actually moving for separate counsel even though the trial judge and defense counsel termed it "a motion for severance." After carefully considering the record we agree with appellants.
Appellants refer us to Baker v. State (1967) Fla., 202 So.2d 563 where defendants were arraigned on an indictment for murder. The trial court appointed two attorneys to jointly represent both defendants. The attorneys made timely objection to their appointments, contending that the court should have appointed separate counsel for each defendant. Our Supreme Court held that the denial of separate counsel did in fact deprive defendants of the effective assistance of counsel and the court reiterated the view expounded in Glasser v. U.S. (1942) 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 that:
"The right to have the assistance of counsel is too fundamental and absolute to indulge in nice calculations as to the amount of prejudice arising from its denial."
Consequently, the court found it was unnecessary that the defendants show prejudice flowing from the denial of separate counsel. However, we must point out to appellants that the right to separate counsel is not an absolute one. In Belton v. State (1968) Fla., 217 So.2d 97 our Supreme Court stated that:
"The Baker judgment really stands for no more than that error was committed when the trial judge refused the request for separate counsel at the beginning of the trial."
Further, the court went on to state that:
"If a defendant is indigent and such a request [for separate counsel] is made it should be granted unless it can be demonstrated to the trial judge that no prejudice will result or that no conflict will arise as an incident of the joint representation." (emphasis supplied)
In interpreting Belton, supra, our Supreme Court stated in State v. Youngblood, Fla. 1968, 217 So.2d 98, the following:
"We have held in Belton v. State, opinion filed December 17, 1968, that:
"(1) When a joint defendant requests separate counsel, his request should be granted unless the state can clearly demonstrate for the record that prejudice will not result from a denial. If request is made and the record shows prejudice from denial or is silent on the subject, such denial will constitute reversible error.
"(2) If no request for separate counsel is made and the Court permits trial of joint defendants with single counsel, then reversible error does not occur unless the record reveals that some prejudice results from the failure to appoint separate lawyers for each defendant."
In the instant case, from a fair reading of the record on appeal, a request for separate counsel was made and denied. That being true, and there being no clear demonstration that prejudice would not result from a denial, the denial constitutes reversible error, even though the record on appeal is silent on the subject of prejudice.
For the foregoing reasons the cause is reversed and remanded for a new trial.
McNULTY, J., and PIERCE, J., (Ret.), concur.