MANN, Judge (Ret.)
(dissenting).
There are four errors in this record. I will not labor them but they seem so glaring to me that each of them needs to be mentioned. First of all the prosecutor charged in the same information three distinguishable crimes, two robberies and a brutal murder, committed on three different dates at three different places, contrary to the clear requirements of Rule 3.150 CrPR:
“(a) Joinder of Offenses. Two or more offenses which are triable in the same court may be charged in the same indictment or information in a separate count for each offense, when the offenses, whether felonies or misdemeanors, or both, ar.e based on the same act or transaction or on two or more connected acts or transactions.
“(b) Joinder of Defendants. Two or more defendants may be charged in the same indictment or information upon which they are to be tried:
(1) when each defendant is charged with accountability for each offense charged;
(2) when each defendant is charged with conspiracy and some of the defendants are also charged with one or more offenses alleged to have been committed in furtherance of the conspiracy ; or
(3) when, even if conspiracy is not charged and all defendants are not charged in each county, it is alleged that the several offenses charged were part of a common scheme or plan.
Such defendants may be charged in one or more counts together or separately, and all of the defendants need not be charged in each count.”
Under the circumstances the defendants’ motion for severance of offenses under Rule 3.152(a) [1] ought to have been granted.
Secondly, as to Williams and Faison, severance of defendants under Rule 3.-152(b) [2] ought certainly be granted because *145 one of these defendants was not present at the first robbery and the other was not present at the second, a fact conceded by the prosecution at the close of the case, resulting in directed verdicts for them as to these charges.’
The prejudice to McGee lies solely in the failure to obey Rule 3.152(a). There was a clear insufficiency of evidence on the murder charge which resulted in a verdict of acquittal, but which had the effect of saddling McGee with the defense of two robbery charges while the jury was confronted with evidence of the brutal slaying of a service station operator.
The third error resulted from the failure to provide independent counsel for reach of these three defendants. Here again, if this were the only error, I would think it harmless as to McGee but as to Williams and Faison it was crucial. One witness and the Public Defender himself confused Williams with Faison and stated erroneously before the jury that one man was involved when in fact it was the other. Our Supreme Court has made it clear that the position of this court taken in Dunbar v. State, Fla.App.2d, 1963, 214 So.2d 52, is the correct one. Dunbar v. State, Fla.1969, 220 So.2d 366; see also State v. Youngblood, Fla. 1968, 217 So.2d 98; Belton v. State, Fla.1968, 217 So.2d 97.
The fourth error is more subtle, but I think it is sufficient to warrant mention, although it is not argued. These defendants have a right to have the prosecution refrain from prejudicial comment on their failure to testify. Griffin v. California, 1965, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed. 2d 106. In his voir dire examination of the jury one of the most experienced prosecutors in the nation persistently asked jurors if they would respect the presumption of innocence and recognize the defendant’s right not to testify. This was done in such a way as to remind one of the old story in which the first mate of a vessel became incensed when he read in the log a notation by the Captain that “The First Mate was drunk today,” whereupon at the end of his watch the First Mate wrote in the log “The Captain was sober today.” This tendency on the part of the prosecutor, repeated, incidentally, at final argument is an insidious violation of the rule of Griffin and I think the Public Defender in the Fifth Circuit should strenuously object.
There is such an accumulation of error in this case that I cannot assent to its af-firmance.

. “(a) Severance of offenses.
(1) In case two or more offenses are improperly charged in a single indictment or information, the defendant shall have a right to a severance of the charges upon timely motion thereof.
(2) In case two or more charges of re-related offenses are joined in a single indictment or information, the court nevertheless shall grant a severance of charges on motion of the State or of a defendant.
(i) before trial upon a showing that such severance is appropriate to promote a fair determination of the defendant’s guilt or innocence of each offense, or
(ii> during trial, only with defendant’s consent, upon a showing that such severance is necessary to achieve a fair determination of the defendant’s guilt or innocence of each offense.”

. “(b) Severance of defendants.
(1) On motion of the State or a defendant, the court shall order a severance of defendants and separate trials:
(i) before trial, upon a showing that such order is necessary to protect a defendant’s right to a speedy trial, or is appropriate to promote a fair determination of the guilt or innocence of one or more defendants ; or
(ii) during trial, only with defendant’s consent and upon a showing that such order is necessary to achieve a fair determination *145 of tlie guilt or innocence of one or more defendants.
(2) If a defendant moves for a severance .of defendants on the ground that an oral or written statement of a co-defendant makes reference to him but is not admissible against him, the court shall determine whether the State will offer evidence of the statement at the trial. If the State intends to offer the statement in evidence, the court shall order the State to submit its evidence of such statement for consideration by the court and counsel for defendants and if the court determines that such statement is not admissible against the moving defendant, it shall require the State to elect one of the following courses:
(i) a joint trial at which evidence of the statement will not be admitted;
(ii) a joint trial at which evidence of the statement will be admitted after all references to the moving defendant have been deleted, provided the court determines that admission of such evidence with deletions will not prejudice the moving defendant; or
(iii)severance of the moving defendant.
(3) Failure to prove grounds for joinder of defendants.
In eases where, at the close of the State’s case or at the close of all of the evidence, the evidence is not sufficient to support a finding that allegations on which the joinder of a defendant is based have been proved, the court shall, on motion of that defendant, grant a severance unless the court finds that severance is unnecessary to achieve a fair determination of that defendant’s guilt or innocence.”